# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
01/18/2019
CT Log Number 534763466

TO:     Francis Ferrara, Senior VP & Deputy General Counsel
        Veolia North America
        120 Water St Ste 212
        North Andover, MA 01845-2648

RE:     **Process Served in California**

FOR:    Veolia Energy North America, LLC  (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MITCHEL PARKER, ETC., PLTF. vs. VEOLIA ENERGY NORTH AMERICA, LLC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | LETTER, COMPLAINT |
| **COURT/AGENCY:** | San Bernardino County - Superior Court, CA<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Failure to Pay Minimum Wages (SEE DOCUMENT FOR ADDITIONAL INFORMATION) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/18/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | KASHIF HAQUE<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>949-379-6250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/19/2019, Expected Purge Date: 01/24/2019 |
| | Image SOP |
| | Email Notification,  Francis Ferrara  frank.ferrara@veolia.com |
| | Email Notification,  Whitney Fawcett  whitney.fawcett@veolia.com |
| | Email Notification,  Katie Lynch  katie.lynch@veolia.com |
| | Email Notification,  Holly Garabedian  holly.garabedian@veolia.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / RB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CT

**PLEASE NOTE:**

**SERVICE TAKEN FOR:**

**VEOLIA ENERGY NORTH AMERICA LLC**

Wolters Kluwer

**CERTIFIED MAIL®**

7018 2290 0000 1600 1995



UNITED STATES POSTAGE
PITNEY BOWES
$008.04°
02 1P
0000543095
MAILED FROM ZIP CODE 92618

 AEGIS LAW

9811 Irvine Center Drive, Suite 100
Irvine, California 92618

C T CORPORATION SYSTEM (C0168406)
818 West Seventh Street. Suite 930
Los Angeles, CA 90017

 **AEGIS LAW**

**AEGIS LAW FIRM, PC**
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: 949.379.6250
Facsimile: 949.379.6251
www.aegislawfirm.com

January 15, 2019

**VIA ONLINE SUBMISSION**

California Labor and Workforce Development Agency
Attn: PAGA Administrator

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

Agent for Service of Process for Veolia Energy North America, Llc; Veolia Water North
America Operating Services, LLC; Veolia Water North America-West, LLC:
C T CORPORATION SYSTEM (C0168406)
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

      Re:    *Mitchel Parker v. Veolia Energy North America, Llc; Veolia Water North*
                 *America Operating Services, LLC; Veolia Water North America-West, LLC*

Dear Labor and Workforce Development Agency and Veolia Energy North America, Llc; Veolia
Water North America Operating Services, LLC; Veolia Water North America-West, LLC:

      Please allow this correspondence to serve as written notice required by California Labor
Code § 2699.3(a)(1) of the specific provisions of the Labor Code allegedly violated by Veolia
Energy North America, Llc; Veolia Water North America Operating Services, LLC; Veolia Water
North America-West, LLC ("Veolia") and the facts and theories in support of said allegations.
This firm represents Mitchel Parker ("Claimant"); we hereby notify you that Claimant intends to
seek penalties against Veolia under the Private Attorneys General Act of 2004, Cal. Lab. Code §§
2698 *et seq.*, on behalf of himself and all other aggrieved employees.

Specific Provisions of the California Labor Code Allegedly Violated by Veolia

      The specific provisions of the Labor Code allegedly violated by Veolia and the provisions
under which Claimant submits this correspondence include the following: §§ 201-203, 204, 210,
226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, and 1198.

Facts and Theories Supporting the Allegations Against Veolia

      Claimant and other aggrieved employees worked for Veolia as non-exempt employees in
California. Claimant was employed by Veolia as a non-exempt employee in California within the
past year.

      Veolia failed to provide 30-minute uninterrupted meal periods within the appropriate time
intervals to Claimant and other aggrieved employees as required by Labor Code section 512 and

section 11 of the applicable Wage Order. Claimant and other aggrieved employees frequently worked shifts over five hours and 10 hours and did not receive lawful meal periods because Veolia required its employees to work through their meal periods or were not scheduled to be relieved by other employees at the appropriate intervals to receive all meal periods, and as a result, the meal periods were missed, late, short, and/or interrupted. Claimant and other aggrieved employees worked over 10 hours in some instances and were entitled to a second meal period, but were not provided a second meal period for the same reasons stated herein.

When Claimant and other aggrieved employees missed meal periods or if the meal periods were late, short, and/or interrupted, Veolia violated Labor Code sections 226.7 and 512, as well as section 11 of the applicable Wage Order, by failing to pay an additional hour of pay at the regular rate of pay to Claimant and other aggrieved employees for every day in which they suffered a meal period violation, and they were entitled to this meal period premium pursuant to Labor Code section 558.

Additionally, Veolia failed to authorize or permit 10 minute rest periods for every four hours or major fraction thereof worked because Claimant and other aggrieved employees were required to work through their rest periods, were not authorized to take their rest periods, were discouraged from taking their rest periods, and/or were not scheduled to be relieved by other employees at the appropriate intervals to receive all rest periods. Claimant and other aggrieved employees worked over 10 hours in some instances and were entitled to a third rest period, but were not provided a third rest period for the same reasons stated herein.

When Claimant and other aggrieved employees did not receive rest periods, Veolia violated Labor Code section 226.7 and section 12 of the applicable Wage Order by failing to pay an additional hour of pay at the regular rate of pay to Claimant and other aggrieved employees, and they were entitled to this rest period premium pursuant to Labor Code section 558.

Veolia failed to pay Claimant and other aggrieved employees at least the legal minimum wage for all hours worked (in violation of Labor Code sections 558, 1194, 1194.2, 1197, and 1198) due to Veolia's policy and practice of requiring Claimant and aggrieved employees to work through their meal periods without proper pay and work after clocking out to complete "turnover" to the next employee coming on shift. To the extent such work performed while clocked out entitled employees to pay at the legal minimum wage rate or at the overtime rate of pay, Veolia failed to pay Claimant and other aggrieved all minimum wages, overtime wages, and double time wages for these hours. Veolia also failed to pay overtime and double time at the proper rate because incentive pay, such as bonuses were not included in Claimant's and aggrieved employees' regular rate of pay. Thus, Veolia did not pay all overtime and double time wages for the overtime and double time hours worked, including, but not limited to, hours worked in excess of eight hours in a day and/or 40 hours in a week (in violation of Labor Code sections 510, 1194, and 1198).

As a result of, and in addition to, these actions, Veolia violated Labor Code sections 226 and 226.3 by failing to provide itemized wage statements that accurately reported the following: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is

2

5

paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. For example, Veolia failed to list the accurate employing entity on Claimant's and aggrieved employees' wage statements. Similarly, Veolia violated Labor Code sections 1174 and 1174.5 by failing to maintain accurate and complete records showing the hours worked daily by the aggrieved employees and the wages paid to aggrieved employees (due to the same underpayment of wages referenced above).

Furthermore, Veolia violated the Labor Code by failing to properly pay all these wages owed throughout aggrieved employees' employment and following the end of these workers' employment with Veolia (in violation of Labor Code sections 201-203, 204, and 210).

Based on these violations, Claimant seeks attorneys' fees, interest, and penalties under the Labor Code. The civil penalties Claimant seeks on behalf of himself and other aggrieved employees include those authorized by Labor Code section 558. Attached hereto and incorporated herein is Claimant's class action complaint. Claimant intends to amend the complaint to include a cause of action pursuant to Labor Code §§ 2698, *et seq.*, after the minimum required review period elapses.

Thank you for your assistance on this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,
AEGIS LAW FIRM

Jessica L. Campbell

Enclosure(s)
Class Action Complaint

3

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Mitchel Parker, individually,
and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MITCHEL PARKER, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1.  Failure to Pay Minimum Wages; |
| VEOLIA ENERGY NORTH AMERICA, LLC; VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC; VEOLIA WATER NORTH AMERICA-WEST, LLC; and DOES 1 through 20, inclusive, | 2.  Failure to Pay Overtime Wages; |
| | 3.  Failure to Provide Meal Periods; |
| | 4.  Failure to Permit Rest Breaks; |
| Defendants. | 5.  Failure to Provide Accurate Itemized Wage Statements; |
| | 6.  Failure to Pay All Wages Due Upon Separation of Employment; and |
| | 7.  Violation of Business and Professions Code §§ 17200, *et seq*. |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

7

1   Plaintiff Mitchel Parker, individually, and on behalf of others similarly situated, alleges
2   as follows:

3   **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4   1.      Plaintiff Mitchel Parker ("Plaintiff") brings this putative class action against
5   defendant Veolia Energy North America, LLC; Veolia Water North America Operating
6   Services, LLC; Veolia Water North America-West, LLC and DOES 1 through 20, inclusive
7   (collectively, "Defendants"), on behalf of himself individually and a putative class of California
8   citizens who are and were employed by Defendants as non-exempt employees throughout
9   California.

10  2.      Defendants are in the business of providing water, waste, and energy services.

11  3.      Through this action, Plaintiff alleges that Defendants engaged in a systematic
12  pattern of wage and hour violations under the California Labor Code and Industrial Welfare
13  Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair
14  competition.

15  4.      Plaintiff is informed and believes, and thereon alleges, that Defendants have
16  increased their profits by violating state wage and hour laws by, among other things:

17          (a)     failing to pay all wages (including minimum wages and overtime
18                  wages);

19          (b)     failing to provide lawful meal periods or compensation in lieu thereof;

20          (c)     failing to authorize or permit lawful rest breaks or provide compensation
21                  in lieu thereof;

22          (d)     failing to provide accurate itemized wage statements; and

23          (e)     failing to pay all wages due upon separation of employment.

24  5.      Plaintiff seeks monetary relief against Defendants on behalf of himself and all
25  others similarly situated in California to recover, among other things, unpaid wages and
26  benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§
27  201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198, and Code of California Civil
28  Procedure § 1021.5.

-1-

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

6. This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

**THE PARTIES**

10. Plaintiff is a resident of California and worked for Defendants in California during the relevant time periods as alleged herein.

11. Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12. Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

1       13.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20

2  are or were the partners, agents, owners, shareholders, managers, or employees of Defendants

3  at all relevant times.

4       14.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted

5  in all respects pertinent to this action as the agent of the other defendant, carried out a joint

6  scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant

7  are legally attributable to the other defendant. Furthermore, defendants in all respects acted as

8  the employer and/or joint employer of Plaintiff and the class members.

9       15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

10  acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

11  DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

12  the other's behalf. The acts of any and all Defendants were in accordance with, and represent,

13  the official policy of Defendants.

14       16.    At all relevant times, Defendants, and each of them, acted within the scope of

15  such agency or employment, or ratified each and every act or omission complained of herein.

16  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

17  each and all the other Defendants in proximately causing the damages herein alleged.

18       17.    Plaintiff is informed and believes, and thereon alleges, that each of said

19  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

20  omissions, occurrences, and transactions alleged herein.

21                         **CLASS ACTION ALLEGATIONS**

22       18.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

23  himself and all others similarly situated who were affected by Defendants' Labor Code,

24  Business and Professions Code §§ 17200, and IWC Wage Order violations.

25       19.    All claims alleged herein arise under California law for which Plaintiff seeks

26  relief authorized by California law.

27       20.    Plaintiff's proposed class consists of and is defined as follows:

28  ///

-3-

1    Class

2            All California citizens currently or formerly employed by Defendants as non-

3    exempt employees in the State of California within four years prior to the filing of

4    this action to the date the class is certified ("Class").

5    21.    Plaintiff also seeks to certify the following subclass of employees:

6            Waiting Time Subclass

7            All Class Members who separated their employment with Defendants at any time

8    within three years prior to the filing of this action to the date the class is certified

9    ("Waiting Time Subclass").

10    22.    Plaintiff reserves the right to modify or re-define the Class, establish additional

11    subclasses, or modify or re-define any class or subclass definition as appropriate based on

12    investigation, discovery, and specific theories of liability.

13    23.    Members of the Class and the Waiting Time Subclass described above will be

14    collectively referred to as "Class Members."

15    24.    There are common questions of law and fact as to the Class Members that

16    predominate over any questions affecting only individual members including, but not limited to,

17    the following:

18            (a)    Whether Defendants failed to pay Plaintiff and Class Members all wages

19                   (including minimum wages and overtime wages) for all hours worked by

20                   Plaintiff and Class Members.

21            (b)    Whether Defendants required Plaintiff and Class Members to work over

22                   eight (8) hours per day and/or over forty (40) hours per week and failed

23                   to pay them proper overtime and double time compensation for all

24                   overtime hours worked.

25            (c)    Whether Defendants deprived Plaintiff and Class Members of timely

26                   meal periods or required Plaintiff and Class Members to work through

27                   meal periods without compensation.

28

-4-

1           (d)    Whether Defendants deprived Plaintiff and Class Members of rest breaks

2                  or required Plaintiff and Class Members to work through rest breaks.

3           (e)    Whether Defendants failed to provide Plaintiff and Class Members

4                  accurate itemized wage statements.

5           (f)    Whether Defendants failed to timely pay the Waiting Time Subclass all

6                  wages due upon termination or within seventy-two (72) hours of

7                  resignation.

8           (g)    Whether Defendants' conduct was willful or reckless.

9           (h)    Whether Defendants engaged in unfair business practices in violation of

10                 Business and Professions Code §§ 17200, *et seq.*

11      25.    There is a well-defined community of interest in this litigation and the proposed

12  Class and Subclass are readily ascertainable:

13           (a)    Numerosity: The Class Members are so numerous that joinder of all

14  members is impractical. Although the members of the entire Class and the Waiting Time

15  Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated

16  to be at least (50) individuals. The identities of the Class Members are readily ascertainable by

17  inspection of Defendants' employment and payroll records.

18           (b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the

19  claims (or defenses, if any) of the Class Members because Defendants' failure to comply with

20  the provisions of California's wage and hour laws entitled each Class Member to similar pay,

21  benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

22  sustained by the Class Members, because they arise out of and are caused by Defendants'

23  common course of conduct as alleged herein.

24           (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the

25  interests of all Class Members because it is in his best interest to prosecute the claims alleged

26  herein to obtain full compensation and penalties due to him and the Class Members. Plaintiff's

27  attorneys, as proposed class counsel, are competent and experienced in litigating large

28  employment class actions and versed in the rules governing class action discovery,

-5-

1  certification, and settlement. Plaintiff has incurred and, throughout the duration of this action,

2  will continue to incur attorneys' fees and costs that have been and will be necessarily expended

3  for the prosecution of this action for the substantial benefit of the Class Members.

4  (d)  Superiority: The nature of this action makes use of class action

5  adjudication superior to other methods. A class action will achieve economies of time, effort,

6  and expense as compared with separate lawsuits and will avoid inconsistent outcomes because

7  the same issues can be adjudicated in the same manner for the entire Class and Waiting Time

8  Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods

9  to efficiently manage this case as a class action.

10  (e)  Public Policy Considerations: Employers in the State of California

11  violate employment and labor laws every day. Current employees are often afraid to assert their

12  rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing

13  actions because they believe their former employers might damage their future endeavors

14  through negative references and/or other means. Class actions provide class members who are

15  not named in the complaint with a type of anonymity that allows for the vindication of their

16  rights while affording them privacy protections.

17  **GENERAL ALLEGATIONS**

18  26.  At all relevant times mentioned herein, Defendants employed Plaintiff and other

19  California residents as non-exempt employees throughout California and at Defendants'

20  California business location(s).

21  27.  Defendants continue to employ non-exempt employees within California.

22  28.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

23  mentioned, Defendants were advised by skilled lawyers, employees, and other professionals

24  who were knowledgeable about California's wage and hour laws, employment and personnel

25  practices, and the requirements of California law.

26  29.  Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27  should have known that Plaintiff and Class Members were entitled to receive wages for all time

28  worked (including minimum wages and overtime wages) and that they were not receiving all

-6-

1    wages earned for work that was required to be performed. In violation of the Labor Code and

2    IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum

3    wages and overtime wages) for all hours worked. These violations were due to Defendants'

4    requirements that Plaintiff and Class Members work while clocked out, and Defendants' failure

5    to include incentive pay in Plaintiff's and Class Members' regular rate of pay.

6        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7    should have known that Plaintiff and Class Members were entitled to receive all required meal

8    periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular

9    rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the

10   Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal

11   periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular

12   rate of pay when they did not receive a timely, uninterrupted meal period.

13       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14   should have known that Plaintiff and Class Members were entitled to receive all rest breaks or

15   payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay

16   when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC

17   Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1)

18   additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break

19   was missed, late, or interrupted.

20       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21   should have known that Plaintiff and Class Members were entitled to receive itemized wage

22   statements that accurately showed the name of the employer entity, gross and net wages earned,

23   total hours worked, all applicable hourly rates in effect, and the number of hours worked at

24   each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff

25   and Class Members were not provided with accurate itemized wage statements.

26       33.    Defendants knew or should have known that the Waiting Time Subclass was

27   entitled to timely payment of wages due upon separation of employment. In violation of the

28

-7-

CLASS ACTION COMPLAINT

14

1  Labor Code, the Waiting Time Subclass did not receive payment of all wages within the
2  permissible time periods.

3      34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4  should have known they had a duty to compensate Plaintiff and Class Members, and
5  Defendants had the financial ability to pay such compensation but willfully, knowingly, and
6  intentionally failed to do so in order to increase Defendants' profits.

7      35.     Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief
8  against Defendants on behalf of himself and all Class Members to recover, among other things,
9  unpaid wages (including minimum wages and overtime wages), unpaid meal period premium
10 payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and
11 expenses.

12                          **FIRST CAUSE OF ACTION**

13                      **FAILURE TO PAY MINIMUM WAGES**

14      (Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

15      36.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
16 though fully set forth herein.

17      37.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
18 fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
19 wage than the minimum so fixed is unlawful.

20      38.     During the relevant time period, Defendants paid Plaintiff and Class Members
21 less than minimum wages when they failed to pay proper compensation for all hours worked.
22 To the extent these hours do not qualify for the payment of overtime, Plaintiff and Class
23 Members were not being paid at least minimum wage for their work.

24      39.     During the relevant time period, Defendants regularly failed to pay at least
25 minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code
26 §§ 1194 and 1197.

27      40.     Defendants' failure to pay Plaintiff and Class Members the required minimum
28 wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class

                                    -8-

1  Members are entitled to recover the unpaid balance of their minimum wage compensation as
2  well as interest, costs, and attorneys' fees.

3      41.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to
4  recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued
5  interest thereon.

6  **SECOND CAUSE OF ACTION**

7  **<u>FAILURE TO PAY OVERTIME</u>**

8  (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

9      42.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
10  though fully set forth herein.

11      43.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is
12  unlawful to employ persons without compensating them at a rate of pay either one and one-half
13  (1½) or two (2) times the person's regular rate of pay, depending on the number of hours
14  worked by the person on a daily or weekly basis.

15      44.    Specifically, the applicable IWC Wage Orders provide that Defendants are and
16  were required to pay overtime compensation to Plaintiff and Class Members at the rate of one
17  and one-half times (1½) their regular rate of pay when working and for all hours worked in
18  excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first
19  eight (8) hours of work on the seventh day of work in a workweek.

20      45.    The applicable IWC Wage Orders further provide that Defendants are and were
21  required to pay overtime compensation to Plaintiff and Class Members at a rate of two times
22  their regular rate of pay when working and for all hours worked in excess of twelve (12) hours
23  in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

24      46.    California Labor Code § 510 codifies the right to overtime compensation at one
25  and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in
26  a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh
27  consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

28

-9-

1  worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
2  seventh day of work in a workweek.

3      47.    Labor Code § 510 and the applicable IWC Wage Orders provide that
4  employment of more than six days in a workweek is only permissible if the employer pays
5  proper overtime compensation as set forth herein.

6      48.    Plaintiff and Class Members were non-exempt employees entitled to the
7  protections of California Labor Code §§ 510 and 1194.

8      49.    During the relevant time period, Defendants required Plaintiff and Class
9  Members to work in excess of eight (8) hours in a day and/or forty (40) hours in a week,
10  entitling them to overtime wages.

11      50.    To the extent the hours worked by Plaintiff and Class Members during the
12  relevant time period qualify for the payment of overtime and double time wages, Plaintiff and
13  Class Members were not paid all overtime and double time wages owed. Defendants failed to
14  pay Plaintiff and Class Members overtime wages for all overtime hours worked.

15      51.    In violation of state law, Defendants knowingly and willfully refused to perform
16  their obligations and compensate Plaintiff and Class Members for all wages earned and all
17  hours worked.

18      52.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of
19  overtime compensation, as required by California law, violates the provisions of Labor Code
20  §§ 510 and 1198, and is therefore unlawful.

21      53.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to
22  recover their unpaid overtime and double time compensation as well as interest, costs, and
23  attorneys' fees.

24                          **THIRD CAUSE OF ACTION**

25                     **FAILURE TO PROVIDE MEAL PERIODS**

26          (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

27      54.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28  though fully set forth herein

-10-

1    55.    Labor Code § 226.7 provides that no employer shall require an employee to work
2  during any meal period mandated by the IWC Wage Orders.

3    56.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall
4  employ any person for a work period of more than five (5) hours without a meal period of not
5  less than 30 minutes, except that when a work period of not more than six (6) hours will
6  complete the day's work the meal period may be waived by mutual consent of the employer and
7  the employee."

8    57.    Labor Code § 512(a) provides that an employer may not require, cause, or permit
9  an employee to work for a period of more than five (5) hours per day without providing the
10  employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if
11  the total work period per day of the employee is not more than six (6) hours, the meal period
12  may be waived by mutual consent of both the employer and the employee.

13    58.    Labor Code § 512(a) also provides that an employer may not employ an
14  employee for a work period of more than ten (10) hours per day without providing the employee
15  with a second meal period of not less than thirty (30) minutes, except that if the total hours
16  worked is no more than twelve (12) hours, the second meal period may be waived by mutual
17  consent of the employer and the employee only if the first meal period was not waived.

18    59.    During the relevant time period, Plaintiff and Class Members did not receive
19  compliant meal periods for working more than five (5) and/or ten (10) hours per day because
20  their meal periods were missed, late, and/or short.

21    60.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require
22  an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of
23  compensation for each work day that a compliant meal period is not provided.

24    61.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal
25  period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)
26  and section 11 of the applicable IWC Wage Order.

27

28

-11-

62. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

### FOURTH CAUSE OF ACTION

### FAILURE TO PERMIT REST BREAKS

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

63. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

64. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

65. Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

66. During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

67. Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

68. At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

69. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

-12-

1          **FIFTH CAUSE OF ACTION**

2     **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

3               (Violation of Labor Code § 226)

4          70.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

5     though fully set forth herein.

6          71.     Labor Code. § 226(a) requires Defendants to provide each employee with an

7     accurate wage statement in writing showing nine pieces of information, including, the

8     following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

9     piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate

10    basis, (4) all deductions, provided that all deductions made on written orders of the employee

11    may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the

12    period for which the employee is paid, (7) the name of the employee and the last four digits of

13    his or her social security number or an employee identification number other than a social

14    security number, (8) the name and address of the legal entity that is the employer, and (9) all

15    applicable hourly rates in effect during the pay period and the corresponding number of hours

16    worked at each hourly rate by the employee.

17         72.     During the relevant time period, Defendants have knowingly and intentionally

18    failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

19    and Class Members. The deficiencies include, among other things, the failure to correctly state

20    the employing entity name, gross and net wages earned, total hours worked, all applicable

21    hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class

22    Members.

23         73.     As a result of Defendants' knowing and intentional failure to comply with Labor

24    Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their

25    statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an

26    injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor

27    Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and

28    their protected interest in receiving, accurate itemized wage statements under Labor Code

-13-

CLASS ACTION COMPLAINT

1  § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage
2  statements, Defendants prevented Plaintiff and Class Members from determining if all hours
3  worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had
4  to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff
5  to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and
6  incur these costs had Defendants provided the accurate hours worked, wages earned, and rates
7  of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of
8  wages from Defendants.

9     74.    Plaintiff and Class Members are entitled to recover from Defendants the greater
10  of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or
11  fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred
12  dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not
13  exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

14     75.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff
15  and Class Members from knowing, understanding, and disputing the wages paid to them and
16  resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'
17  knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and
18  Class Members have suffered an injury, in the exact amount of damages and/or penalties to be
19  shown according to proof at trial.

20     76.    Plaintiff and Class Members are also entitled to injunctive relief under
21  California Labor Code § 226(h), compelling Defendants to comply with California Labor Code
22  § 226. Accordingly, Plaintiff and Class Members seek the recovery of attorneys' fees and costs
23  incurred in obtaining this injunctive relief.

24                          **SIXTH CAUSE OF ACTION**
25     **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**
26                    (Violation of Labor Code §§ 201, 202, and 203)
27     77.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28  though fully set forth herein.

-14-

78.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

79.     During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, including, but not limited to, proper minimum wage and overtime compensation, meal period premiums, and rest period premiums either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

80.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

81.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

82.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(Violation of Business and Professions Code §§ 17200, *et seq.*)

83.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-15-

1     84.    California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of

2  unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice .

3  . . ."

4     85.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may

5  be predicated on a violation of any state or federal law. In the instant case, Defendants' policies

6  and practices violated state law, causing Plaintiff and Class Members to suffer and continue to

7  suffer injuries-in-fact.

8     86.    Defendants' policies and practices violated state law in at least the following

9  respects:

10          (a)    Failing to pay all wages earned (including minimum wage and overtime

11                 wages) to Plaintiff and Class Members in violation of Labor Code §§

12                 510, 1194, 1194.2, 1197, and 1198.

13          (b)    Failing to provide compliant meal periods without paying Plaintiff and

14                 Class Members premium wages for every day said meal periods were not

15                 provided in violation of Labor Code §§ 226.7 and 512.

16          (c)    Failing to authorize or permit compliant rest breaks without paying

17                 Plaintiff and Class Members premium wages for every day said rest

18                 breaks were not authorized or permitted in violation of Labor Code §

19                 226.7.

20          (d)    Failing to provide Plaintiff and Class Members with accurate itemized

21                 wage statements in violation of Labor Code § 226.

22          (e)    Failing to timely pay all earned wages to the members of the Waiting

23                 Time Subclass upon separation of employment in violation of Labor

24                 Code §§ 201, 202, and 203.

25     87.    As alleged herein, Defendants systematically engaged in unlawful conduct in

26  violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages

27  (minimum and overtime wages), failing to provide meal periods and rest breaks or

28  compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all

-16-

1    wages due and owing upon separation of employment in a timely manner to the Waiting Time

2    Subclass, all in order to decrease their costs of doing business and increase their profits.

3         88.    At all relevant times herein, Defendants held themselves out to Plaintiff and

4    Class Members as being knowledgeable concerning the labor and employment laws of

5    California.

6         89.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff

7    and Class Members wages and monies, thereby creating for Defendants an artificially lower

8    cost of doing business in order to undercut their competitors and establish and/or gain a greater

9    foothold in the marketplace.

10        90.    By violating the foregoing statutes and regulations as herein alleged,

11    Defendants' acts constitute unfair and unlawful business practices under California Business

12    and Professions Code §§ 17200, *et seq*.

13        91.    As a result of the unfair and unlawful business practices of Defendants as

14    alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and

15    restitution in an amount to be shown according to proof at trial.

16        92.    Plaintiff seeks to enforce important rights affecting the public interest within the

17    meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged

18    herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members,

19    and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class

20    Members are entitled to an award of attorneys' fees pursuant to California Code of Civil

21    Procedure § 1021.5.

22                       **PRAYER FOR RELIEF**

23        Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief

24    and judgment against Defendants, jointly and severally, as follows:

25        1.     For certification under California Code of Civil Procedure § 382 of the proposed

26    Class, Waiting Time Subclass, and any other appropriate subclasses;

27        2.     For appointment of Mitchel Parker as the class representative;

28        3.     For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

-17-

1        4.     For compensatory damages in an amount according to proof at trial;

2        5.     For an award of damages in the amount of unpaid compensation including, but

3 not limited to, unpaid wages, benefits, and penalties;

4        6.     For economic and/or special damages in an amount according to proof at trial;

5        7.     For liquidated damages pursuant to Labor Code § 1194.2;

6        8.     For statutory penalties to the extent permitted by law, including those pursuant

7 to the Labor Code and IWC Wage Orders;

8        9.     For injunctive relief as provided by the California Labor Code and California

9 Business and Professions Code §§ 17200, *et seq.*;

10       10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11       11.     For an order requiring Defendants to restore and disgorge all funds to each

12 employee acquired by means of any act or practice declared by this Court to be unlawful,

13 unfair, or fraudulent and, therefore, constituting unfair competition under Business and

14 Professions Code §§ 17200, *et seq.*;

15       12.     For pre-judgment interest;

16       13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted

17 by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§

18 226(e) and 1194; and

19       14.     For such other relief as the Court deems just and proper.

20

21

22 Dated: January 15, 2019                **AEGIS LAW FIRM, PC**

23

24                    By: _____

                      Jessica L. Campbell

25                       Attorneys for Plaintiff Mitchel Parker

26

27

28

-18-

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4  Dated: January 15, 2019     **AEGIS LAW FIRM, PC**

5

6          By: _____

7            Jessica L. Campbell
            Attorneys for Plaintiff Mitchel Parker

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

CLASS ACTION COMPLAINT

26

# EXHIBIT  B

 CT Corporation

**Service of Process Transmittal**
01/18/2019
CT Log Number 534763503

**TO:**  Francis Ferrara, Senior VP & Deputy General Counsel
Veolia North America
120 Water St Ste 212
North Andover, MA 01845-2648

**RE:**  **Process Served in California**

**FOR:**  Veolia Water North America Operating Services, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MITCHEL PARKER, ETC., PLTF. vs. VEOLIA ENERGY NORTH AMERICA, LLC., ET AL., DFTS. // TO: VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC |
| **DOCUMENT(S) SERVED:** | LETTER, COMPLAINT |
| **COURT/AGENCY:** | San Bernardino County - Superior Court, CA<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - Failure to Pay Minimum Wages (SEE DOCUMENTS FOR ADDITIONAL INFORMATION) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/18/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | KASHIF HAQUE<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive<br>Suite 100<br>Irvine, CA 92618<br>949-379-6250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/19/2019, Expected Purge Date: 01/24/2019 |
| | Image SOP |
| | Email Notification,  Francis Ferrara  frank.ferrara@veolia.com |
| | Email Notification,  Whitney Fawcett  whitney.fawcett@veolia.com |
| | Email Notification,  Katie Lynch  katie.lynch@veolia.com |
| | Email Notification,  Holly Garabedian  holly.garabedian@veolia.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / RB

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# CT

---

**PLEASE NOTE:**


**SERVICE TAKEN FOR:**

**VEOLIA WATER NORTH AMERICA OPERATING
    SERVICES, LLC**

---

Wolters Kluwer

**CERTIFIED MAIL®**

7018 2290 0000 1600 1995



UNITED STATES POSTAGE
PITNEY BOWES
$008.04⁰
02 1P
0000643095
MAILED FROM ZIP CODE 92618

29


AEGIS LAW
9811 Irvine Center Drive, Suite 100
Irvine, California 92618

C T CORPORATION SYSTEM (C0168406)
818 West Seventh Street, Suite 930
Los Angeles, CA 90017



AEGIS LAW FIRM, PC
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: 949.379.6250
Facsimile: 949.379.6251
www.aegislawfirm.com

January 15, 2019

**VIA ONLINE SUBMISSION**

California Labor and Workforce Development Agency
Attn: PAGA Administrator

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

Agent for Service of Process for Veolia Energy North America, Llc; Veolia Water North
America Operating Services, LLC; Veolia Water North America-West, LLC:
C T CORPORATION SYSTEM (C0168406)
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Re: *Mitchel Parker v. Veolia Energy North America, Llc; Veolia Water North*
*America Operating Services, LLC; Veolia Water North America-West, LLC*

Dear Labor and Workforce Development Agency and Veolia Energy North America, Llc; Veolia
Water North America Operating Services, LLC; Veolia Water North America-West, LLC:

Please allow this correspondence to serve as written notice required by California Labor
Code § 2699.3(a)(1) of the specific provisions of the Labor Code allegedly violated by Veolia
Energy North America, Llc; Veolia Water North America Operating Services, LLC; Veolia Water
North America-West, LLC ("Veolia") and the facts and theories in support of said allegations.
This firm represents Mitchel Parker ("Claimant"); we hereby notify you that Claimant intends to
seek penalties against Veolia under the Private Attorneys General Act of 2004, Cal. Lab. Code §§
2698 *et seq.*, on behalf of himself and all other aggrieved employees.

Specific Provisions of the California Labor Code Allegedly Violated by Veolia

The specific provisions of the Labor Code allegedly violated by Veolia and the provisions
under which Claimant submits this correspondence include the following: §§ 201-203, 204, 210,
226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, and 1198.

Facts and Theories Supporting the Allegations Against Veolia

Claimant and other aggrieved employees worked for Veolia as non-exempt employees in
California. Claimant was employed by Veolia as a non-exempt employee in California within the
past year.

Veolia failed to provide 30-minute uninterrupted meal periods within the appropriate time
intervals to Claimant and other aggrieved employees as required by Labor Code section 512 and

section 11 of the applicable Wage Order. Claimant and other aggrieved employees frequently worked shifts over five hours and 10 hours and did not receive lawful meal periods because Veolia required its employees to work through their meal periods or were not scheduled to be relieved by other employees at the appropriate intervals to receive all meal periods, and as a result, the meal periods were missed, late, short, and/or interrupted. Claimant and other aggrieved employees worked over 10 hours in some instances and were entitled to a second meal period, but were not provided a second meal period for the same reasons stated herein.

When Claimant and other aggrieved employees missed meal periods or if the meal periods were late, short, and/or interrupted, Veolia violated Labor Code sections 226.7 and 512, as well as section 11 of the applicable Wage Order, by failing to pay an additional hour of pay at the regular rate of pay to Claimant and other aggrieved employees for every day in which they suffered a meal period violation, and they were entitled to this meal period premium pursuant to Labor Code section 558.

Additionally, Veolia failed to authorize or permit 10 minute rest periods for every four hours or major fraction thereof worked because Claimant and other aggrieved employees were required to work through their rest periods, were not authorized to take their rest periods, were discouraged from taking their rest periods, and/or were not scheduled to be relieved by other employees at the appropriate intervals to receive all rest periods. Claimant and other aggrieved employees worked over 10 hours in some instances and were entitled to a third rest period, but were not provided a third rest period for the same reasons stated herein.

When Claimant and other aggrieved employees did not receive rest periods, Veolia violated Labor Code section 226.7 and section 12 of the applicable Wage Order by failing to pay an additional hour of pay at the regular rate of pay to Claimant and other aggrieved employees, and they were entitled to this rest period premium pursuant to Labor Code section 558.

Veolia failed to pay Claimant and other aggrieved employees at least the legal minimum wage for all hours worked (in violation of Labor Code sections 558, 1194, 1194.2, 1197, and 1198) due to Veolia's policy and practice of requiring Claimant and aggrieved employees to work through their meal periods without proper pay and work after clocking out to complete "turnover" to the next employee coming on shift. To the extent such work performed while clocked out entitled employees to pay at the legal minimum wage rate or at the overtime rate of pay, Veolia failed to pay Claimant and other aggrieved all minimum wages, overtime wages, and double time wages for these hours. Veolia also failed to pay overtime and double time at the proper rate because incentive pay, such as bonuses were not included in Claimant's and aggrieved employees' regular rate of pay. Thus, Veolia did not pay all overtime and double time wages for the overtime and double time hours worked, including, but not limited to, hours worked in excess of eight hours in a day and/or 40 hours in a week (in violation of Labor Code sections 510, 1194, and 1198).

As a result of, and in addition to, these actions, Veolia violated Labor Code sections 226 and 226.3 by failing to provide itemized wage statements that accurately reported the following: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is

2

paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. For example, Veolia failed to list the accurate employing entity on Claimant's and aggrieved employees' wage statements. Similarly, Veolia violated Labor Code sections 1174 and 1174.5 by failing to maintain accurate and complete records showing the hours worked daily by the aggrieved employees and the wages paid to aggrieved employees (due to the same underpayment of wages referenced above).

Furthermore, Veolia violated the Labor Code by failing to properly pay all these wages owed throughout aggrieved employees' employment and following the end of these workers' employment with Veolia (in violation of Labor Code sections 201-203, 204, and 210).

Based on these violations, Claimant seeks attorneys' fees, interest, and penalties under the Labor Code. The civil penalties Claimant seeks on behalf of himself and other aggrieved employees include those authorized by Labor Code section 558. Attached hereto and incorporated herein is Claimant's class action complaint. Claimant intends to amend the complaint to include a cause of action pursuant to Labor Code §§ 2698, *et seq.*, after the minimum required review period elapses.

Thank you for your assistance on this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,
AEGIS LAW FIRM

Jessica L. Campbell

Enclosure(s)
Class Action Complaint

3

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Mitchel Parker, individually,
and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MITCHEL PARKER, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1. Failure to Pay Minimum Wages; |
| VEOLIA ENERGY NORTH AMERICA, LLC; VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC; VEOLIA WATER NORTH AMERICA-WEST, LLC; and DOES 1 through 20, inclusive, | 2. Failure to Pay Overtime Wages; |
| | 3. Failure to Provide Meal Periods; |
| | 4. Failure to Permit Rest Breaks; |
| Defendants. | 5. Failure to Provide Accurate Itemized Wage Statements; |
| | 6. Failure to Pay All Wages Due Upon Separation of Employment; and |
| | 7. Violation of Business and Professions Code §§ 17200, *et seq*. |
| | **DEMAND FOR JURY TRIAL** |

1        Plaintiff Mitchel Parker, individually, and on behalf of others similarly situated, alleges
2 as follows:

3                        **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4       1.      Plaintiff Mitchel Parker ("Plaintiff") brings this putative class action against
5 defendant Veolia Energy North America, LLC; Veolia Water North America Operating
6 Services, LLC; Veolia Water North America-West, LLC and DOES 1 through 20, inclusive
7 (collectively, "Defendants"), on behalf of himself individually and a putative class of California
8 citizens who are and were employed by Defendants as non-exempt employees throughout
9 California.

10       2.      Defendants are in the business of providing water, waste, and energy services.

11       3.      Through this action, Plaintiff alleges that Defendants engaged in a systematic
12 pattern of wage and hour violations under the California Labor Code and Industrial Welfare
13 Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair
14 competition.

15       4.      Plaintiff is informed and believes, and thereon alleges, that Defendants have
16 increased their profits by violating state wage and hour laws by, among other things:

17               (a)      failing to pay all wages (including minimum wages and overtime
18                       wages);

19               (b)      failing to provide lawful meal periods or compensation in lieu thereof;

20               (c)      failing to authorize or permit lawful rest breaks or provide compensation
21                       in lieu thereof;

22               (d)      failing to provide accurate itemized wage statements; and

23               (e)      failing to pay all wages due upon separation of employment.

24       5.      Plaintiff seeks monetary relief against Defendants on behalf of himself and all
25 others similarly situated in California to recover, among other things, unpaid wages and
26 benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§
27 201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198, and Code of California Civil
28 Procedure § 1021.5.

-1-

1                               **JURISDICTION AND VENUE**

2         6.      This is a class action pursuant to California Code of Civil Procedure § 382. The

3 monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits

4 of the Superior Court and will be established according to proof at trial.

5         7.      This Court has jurisdiction over this action pursuant to the California

6 Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all

7 causes except those given by statutes to other courts. The statutes under which this action is

8 brought do not specify any other basis for jurisdiction.

9         8.      This Court has jurisdiction over all Defendants because, upon information and

10 belief, they are citizens of California, have sufficient minimum contacts in California, or

11 otherwise intentionally avail themselves of the California market so as to render the exercise of

12 jurisdiction over them by the California courts consistent with traditional notions of fair play

13 and substantial justice.

14         9.      Venue is proper in this Court because, upon information and belief, Defendants

15 reside, transact business, or have offices in this county, and the acts and omissions alleged

16 herein took place in this county.

17                                    **THE PARTIES**

18        10.     Plaintiff is a resident of California and worked for Defendants in California

19 during the relevant time periods as alleged herein.

20        11.     Plaintiff is informed and believes, and thereon alleges that at all times

21 hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage

22 Orders as employers, whose employees were and are engaged throughout this county and the

23 State of California.

24        12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein

25 under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

26 Complaint and serve such fictitiously named defendants once their names and capacities

27 become known.

28

-2-

1      13.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20

2  are or were the partners, agents, owners, shareholders, managers, or employees of Defendants

3  at all relevant times.

4      14.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted

5  in all respects pertinent to this action as the agent of the other defendant, carried out a joint

6  scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant

7  are legally attributable to the other defendant. Furthermore, defendants in all respects acted as

8  the employer and/or joint employer of Plaintiff and the class members.

9      15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

10  acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

11  DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

12  the other's behalf. The acts of any and all Defendants were in accordance with, and represent,

13  the official policy of Defendants.

14      16.    At all relevant times, Defendants, and each of them, acted within the scope of

15  such agency or employment, or ratified each and every act or omission complained of herein.

16  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

17  each and all the other Defendants in proximately causing the damages herein alleged.

18      17.    Plaintiff is informed and believes, and thereon alleges, that each of said

19  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

20  omissions, occurrences, and transactions alleged herein.

21                      **CLASS ACTION ALLEGATIONS**

22      18.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

23  himself and all others similarly situated who were affected by Defendants' Labor Code,

24  Business and Professions Code §§ 17200, and IWC Wage Order violations.

25      19.    All claims alleged herein arise under California law for which Plaintiff seeks

26  relief authorized by California law.

27      20.    Plaintiff's proposed class consists of and is defined as follows:

28  ///

-3-

1          Class

2                   All California citizens currently or formerly employed by Defendants as non-

3          exempt employees in the State of California within four years prior to the filing of

4          this action to the date the class is certified ("Class").

5      21.   Plaintiff also seeks to certify the following subclass of employees:

6          Waiting Time Subclass

7                   All Class Members who separated their employment with Defendants at any time

8          within three years prior to the filing of this action to the date the class is certified

9          ("Waiting Time Subclass").

10     22.   Plaintiff reserves the right to modify or re-define the Class, establish additional

11     subclasses, or modify or re-define any class or subclass definition as appropriate based on

12     investigation, discovery, and specific theories of liability.

13     23.   Members of the Class and the Waiting Time Subclass described above will be

14     collectively referred to as "Class Members."

15     24.   There are common questions of law and fact as to the Class Members that

16     predominate over any questions affecting only individual members including, but not limited to,

17     the following:

18          (a)   Whether Defendants failed to pay Plaintiff and Class Members all wages

19              (including minimum wages and overtime wages) for all hours worked by

20              Plaintiff and Class Members.

21          (b)   Whether Defendants required Plaintiff and Class Members to work over

22              eight (8) hours per day and/or over forty (40) hours per week and failed

23              to pay them proper overtime and double time compensation for all

24              overtime hours worked.

25          (c)   Whether Defendants deprived Plaintiff and Class Members of timely

26              meal periods or required Plaintiff and Class Members to work through

27              meal periods without compensation.

28

-4-

(d) Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e) Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(f) Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(g) Whether Defendants' conduct was willful or reckless.

(h) Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25. There is a well-defined community of interest in this litigation and the proposed Class and Subclass are readily ascertainable:

(a) Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the entire Class and the Waiting Time Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated to be at least (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class Members. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery,

-5-

1   certification, and settlement. Plaintiff has incurred and, throughout the duration of this action,
2   will continue to incur attorneys' fees and costs that have been and will be necessarily expended
3   for the prosecution of this action for the substantial benefit of the Class Members.

4           (d)     Superiority: The nature of this action makes use of class action
5   adjudication superior to other methods. A class action will achieve economies of time, effort,
6   and expense as compared with separate lawsuits and will avoid inconsistent outcomes because
7   the same issues can be adjudicated in the same manner for the entire Class and Waiting Time
8   Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods
9   to efficiently manage this case as a class action.

10          (e)     Public Policy Considerations: Employers in the State of California
11  violate employment and labor laws every day. Current employees are often afraid to assert their
12  rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing
13  actions because they believe their former employers might damage their future endeavors
14  through negative references and/or other means. Class actions provide class members who are
15  not named in the complaint with a type of anonymity that allows for the vindication of their
16  rights while affording them privacy protections.

17                              **GENERAL ALLEGATIONS**

18          26.     At all relevant times mentioned herein, Defendants employed Plaintiff and other
19  California residents as non-exempt employees throughout California and at Defendants'
20  California business location(s).

21          27.     Defendants continue to employ non-exempt employees within California.

22          28.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
23  mentioned, Defendants were advised by skilled lawyers, employees, and other professionals
24  who were knowledgeable about California's wage and hour laws, employment and personnel
25  practices, and the requirements of California law.

26          29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
27  should have known that Plaintiff and Class Members were entitled to receive wages for all time
28  worked (including minimum wages and overtime wages) and that they were not receiving all

                                        -6-

                            CLASS ACTION COMPLAINT

1  wages earned for work that was required to be performed. In violation of the Labor Code and
2  IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum
3  wages and overtime wages) for all hours worked. These violations were due to Defendants'
4  requirements that Plaintiff and Class Members work while clocked out, and Defendants' failure
5  to include incentive pay in Plaintiff's and Class Members' regular rate of pay.

6      30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
7  should have known that Plaintiff and Class Members were entitled to receive all required meal
8  periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular
9  rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the
10  Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal
11  periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular
12  rate of pay when they did not receive a timely, uninterrupted meal period.

13      31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
14  should have known that Plaintiff and Class Members were entitled to receive all rest breaks or
15  payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay
16  when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC
17  Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1)
18  additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break
19  was missed, late, or interrupted.

20      32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
21  should have known that Plaintiff and Class Members were entitled to receive itemized wage
22  statements that accurately showed the name of the employer entity, gross and net wages earned,
23  total hours worked, all applicable hourly rates in effect, and the number of hours worked at
24  each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff
25  and Class Members were not provided with accurate itemized wage statements.

26      33.    Defendants knew or should have known that the Waiting Time Subclass was
27  entitled to timely payment of wages due upon separation of employment. In violation of the

28

1 Labor Code, the Waiting Time Subclass did not receive payment of all wages within the
2 permissible time periods.

3      34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4 should have known they had a duty to compensate Plaintiff and Class Members, and
5 Defendants had the financial ability to pay such compensation but willfully, knowingly, and
6 intentionally failed to do so in order to increase Defendants' profits.

7      35.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief
8 against Defendants on behalf of himself and all Class Members to recover, among other things,
9 unpaid wages (including minimum wages and overtime wages), unpaid meal period premium
10 payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and
11 expenses.

12 **FIRST CAUSE OF ACTION**

13 **FAILURE TO PAY MINIMUM WAGES**

14 (Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

15      36.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
16 though fully set forth herein.

17      37.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
18 fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
19 wage than the minimum so fixed is unlawful.

20      38.    During the relevant time period, Defendants paid Plaintiff and Class Members
21 less than minimum wages when they failed to pay proper compensation for all hours worked.
22 To the extent these hours do not qualify for the payment of overtime, Plaintiff and Class
23 Members were not being paid at least minimum wage for their work.

24      39.    During the relevant time period, Defendants regularly failed to pay at least
25 minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code
26 §§ 1194 and 1197.

27      40.    Defendants' failure to pay Plaintiff and Class Members the required minimum
28 wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class

-8-

1   Members are entitled to recover the unpaid balance of their minimum wage compensation as
2   well as interest, costs, and attorneys' fees.

3      41.   Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to
4   recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued
5   interest thereon.

6                **SECOND CAUSE OF ACTION**
7               **FAILURE TO PAY OVERTIME**

8   (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

9      42.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
10   though fully set forth herein.

11      43.   Labor Code § 1198 and the applicable IWC Wage Order provide that it is
12   unlawful to employ persons without compensating them at a rate of pay either one and one-half
13   (1½) or two (2) times the person's regular rate of pay, depending on the number of hours
14   worked by the person on a daily or weekly basis.

15      44.   Specifically, the applicable IWC Wage Orders provide that Defendants are and
16   were required to pay overtime compensation to Plaintiff and Class Members at the rate of one
17   and one-half times (1½) their regular rate of pay when working and for all hours worked in
18   excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first
19   eight (8) hours of work on the seventh day of work in a workweek.

20      45.   The applicable IWC Wage Orders further provide that Defendants are and were
21   required to pay overtime compensation to Plaintiff and Class Members at a rate of two times
22   their regular rate of pay when working and for all hours worked in excess of twelve (12) hours
23   in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

24      46.   California Labor Code § 510 codifies the right to overtime compensation at one
25   and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in
26   a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh
27   consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

28

-9-

1  worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
2  seventh day of work in a workweek.

3      47.    Labor Code § 510 and the applicable IWC Wage Orders provide that
4  employment of more than six days in a workweek is only permissible if the employer pays
5  proper overtime compensation as set forth herein.

6      48.    Plaintiff and Class Members were non-exempt employees entitled to the
7  protections of California Labor Code §§ 510 and 1194.

8      49.    During the relevant time period, Defendants required Plaintiff and Class
9  Members to work in excess of eight (8) hours in a day and/or forty (40) hours in a week,
10  entitling them to overtime wages.

11      50.    To the extent the hours worked by Plaintiff and Class Members during the
12  relevant time period qualify for the payment of overtime and double time wages, Plaintiff and
13  Class Members were not paid all overtime and double time wages owed. Defendants failed to
14  pay Plaintiff and Class Members overtime wages for all overtime hours worked.

15      51.    In violation of state law, Defendants knowingly and willfully refused to perform
16  their obligations and compensate Plaintiff and Class Members for all wages earned and all
17  hours worked.

18      52.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of
19  overtime compensation, as required by California law, violates the provisions of Labor Code
20  §§ 510 and 1198, and is therefore unlawful.

21      53.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to
22  recover their unpaid overtime and double time compensation as well as interest, costs, and
23  attorneys' fees.

24                    **THIRD CAUSE OF ACTION**

25              **FAILURE TO PROVIDE MEAL PERIODS**

26      (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

27      54.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28  though fully set forth herein

                            -10-

1  55. Labor Code § 226.7 provides that no employer shall require an employee to work

2 during any meal period mandated by the IWC Wage Orders.

3  56. Section 11 of the applicable IWC Wage Order states, "[n]o employer shall

4 employ any person for a work period of more than five (5) hours without a meal period of not

5 less than 30 minutes, except that when a work period of not more than six (6) hours will

6 complete the day's work the meal period may be waived by mutual consent of the employer and

7 the employee."

8  57. Labor Code § 512(a) provides that an employer may not require, cause, or permit

9 an employee to work for a period of more than five (5) hours per day without providing the

10 employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

11 the total work period per day of the employee is not more than six (6) hours, the meal period

12 may be waived by mutual consent of both the employer and the employee.

13  58. Labor Code § 512(a) also provides that an employer may not employ an

14 employee for a work period of more than ten (10) hours per day without providing the employee

15 with a second meal period of not less than thirty (30) minutes, except that if the total hours

16 worked is no more than twelve (12) hours, the second meal period may be waived by mutual

17 consent of the employer and the employee only if the first meal period was not waived.

18  59. During the relevant time period, Plaintiff and Class Members did not receive

19 compliant meal periods for working more than five (5) and/or ten (10) hours per day because

20 their meal periods were missed, late, and/or short.

21  60. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

22 an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

23 compensation for each work day that a compliant meal period is not provided.

24  61. At all relevant times, Defendants failed to pay Plaintiff and Class Members meal

25 period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)

26 and section 11 of the applicable IWC Wage Order.

27

28

CLASS ACTION COMPLAINT

1     62.    As a result of Defendants' failure to pay Plaintiff and Class Members an

2  additional hour of pay for each day a compliant meal period was not provided, Plaintiff and

3  Class Members suffered and continue to suffer a loss of wages and compensation.

4                             **FOURTH CAUSE OF ACTION**

5                      **FAILURE TO PERMIT REST BREAKS**

6       (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

7     63.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

8  though fully set forth herein.

9     64.    Labor Code § 226.7(a) provides that no employer shall require an employee to

10  work during any rest period mandated by the IWC Wage Orders.

11     65.    Section 12 of the applicable IWC Wage Order states "[e]very employer shall

12  authorize and permit all employees to take rest periods, which insofar as practicable shall be in

13  the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the

14  total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

15  fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

16     66.    During the relevant time period, Plaintiff and Class Members did not receive a

17  ten (10) minute rest period for every four (4) hours or major fraction thereof worked because

18  they were required to work through their daily rest periods and/or were not authorized to take

19  their rest periods.

20     67.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

21  requires an employer to pay an employee one (1) additional hour of pay at the employee's

22  regular rate of compensation for each work day that a compliant rest period is not provided.

23     68.    At all relevant times, Defendants failed to pay Plaintiff and Class Members rest

24  period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code §

25  226.7(b) and section 12 of the applicable IWC Wage Order.

26     69.    As a result of Defendants' failure to pay Plaintiff and Class Members an

27  additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class

28  Members suffered and continue to suffer a loss of wages and compensation.

-12-

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226)

70. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

71. Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72. During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the employing entity name, gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

73. As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code

-13-

1  § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage
2  statements, Defendants prevented Plaintiff and Class Members from determining if all hours
3  worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had
4  to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff
5  to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and
6  incur these costs had Defendants provided the accurate hours worked, wages earned, and rates
7  of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of
8  wages from Defendants.

9  74.  Plaintiff and Class Members are entitled to recover from Defendants the greater
10  of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or
11  fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred
12  dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not
13  exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

14  75.  Defendants' violations of California Labor Code § 226(a) prevented Plaintiff
15  and Class Members from knowing, understanding, and disputing the wages paid to them and
16  resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'
17  knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and
18  Class Members have suffered an injury, in the exact amount of damages and/or penalties to be
19  shown according to proof at trial.

20  76.  Plaintiff and Class Members are also entitled to injunctive relief under
21  California Labor Code § 226(h), compelling Defendants to comply with California Labor Code
22  § 226. Accordingly, Plaintiff and Class Members seek the recovery of attorneys' fees and costs
23  incurred in obtaining this injunctive relief.

24  **SIXTH CAUSE OF ACTION**

25  **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

26  (Violation of Labor Code §§ 201, 202, and 203)

27  77.  Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28  though fully set forth herein.

-14-

1    78.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

2 the wages earned and unpaid at the time of discharge are due and payable immediately, and that

3 if an employee voluntarily leaves his employment, his or her wages shall become due and

4 payable not later than seventy-two (72) hours thereafter, unless the employee has given

5 seventy-two (72) hours previous notice of an intention to quit, in which case the employee is

6 entitled to his or her wages at the time of quitting.

7    79.    During the relevant time period, Defendants willfully failed to pay the Waiting

8 Time Subclass all their earned wages upon termination, including, but not limited to, proper

9 minimum wage and overtime compensation, meal period premiums, and rest period premiums

10 either at the time of discharge or within seventy-two (72) hours of their leaving Defendants'

11 employ.

12    80.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at

13 the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is

14 in violation of Labor Code §§ 201 and 202.

15    81.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed

16 immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202,

17 then the wages of the employee shall continue as a penalty from the due date at the same rate

18 until paid or until an action is commenced; but the wages shall not continue for more than thirty

19 (30) days.

20    82.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover

21 from Defendants the statutory penalty, which is defined as the Waiting Time Subclass

22 members' regular daily wages at their regular hourly rate of pay for each day they were not

23 paid, up to a maximum of thirty (30) days.

24                          **SEVENTH CAUSE OF ACTION**

25    **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

26              (Violation of Business and Professions Code §§ 17200, *et seq.*)

27    83.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28 though fully set forth herein.

-15-

84.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . ."

85.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

86.     Defendants' policies and practices violated state law in at least the following respects:

(a)     Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members in violation of Labor Code §§ 510, 1194, 1194.2, 1197, and 1198.

(b)     Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(c)     Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d)     Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(e)     Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

87.     As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all

-16-

1    wages due and owing upon separation of employment in a timely manner to the Waiting Time

2    Subclass, all in order to decrease their costs of doing business and increase their profits.

3        88.    At all relevant times herein, Defendants held themselves out to Plaintiff and

4    Class Members as being knowledgeable concerning the labor and employment laws of

5    California.

6        89.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff

7    and Class Members wages and monies, thereby creating for Defendants an artificially lower

8    cost of doing business in order to undercut their competitors and establish and/or gain a greater

9    foothold in the marketplace.

10       90.    By violating the foregoing statutes and regulations as herein alleged,

11    Defendants' acts constitute unfair and unlawful business practices under California Business

12    and Professions Code §§ 17200, *et seq.*

13       91.    As a result of the unfair and unlawful business practices of Defendants as

14    alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and

15    restitution in an amount to be shown according to proof at trial.

16       92.    Plaintiff seeks to enforce important rights affecting the public interest within the

17    meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged

18    herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members,

19    and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class

20    Members are entitled to an award of attorneys' fees pursuant to California Code of Civil

21    Procedure § 1021.5.

22                        **PRAYER FOR RELIEF**

23       Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief

24    and judgment against Defendants, jointly and severally, as follows:

25       1.    For certification under California Code of Civil Procedure § 382 of the proposed

26    Class, Waiting Time Subclass, and any other appropriate subclasses;

27       2.    For appointment of Mitchel Parker as the class representative;

28       3.    For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

1       4.     For compensatory damages in an amount according to proof at trial;

2       5.     For an award of damages in the amount of unpaid compensation including, but

3 not limited to, unpaid wages, benefits, and penalties;

4       6.     For economic and/or special damages in an amount according to proof at trial;

5       7.     For liquidated damages pursuant to Labor Code § 1194.2;

6       8.     For statutory penalties to the extent permitted by law, including those pursuant

7 to the Labor Code and IWC Wage Orders;

8       9.     For injunctive relief as provided by the California Labor Code and California

9 Business and Professions Code §§ 17200, *et seq.*;

10      10.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11      11.    For an order requiring Defendants to restore and disgorge all funds to each

12 employee acquired by means of any act or practice declared by this Court to be unlawful,

13 unfair, or fraudulent and, therefore, constituting unfair competition under Business and

14 Professions Code §§ 17200, *et seq.*;

15      12.    For pre-judgment interest;

16      13.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted

17 by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§

18 226(e) and 1194; and

19      14.    For such other relief as the Court deems just and proper.

20

21

22 Dated: January 15, 2019          **AEGIS LAW FIRM, PC**

23

24                By: _____

25                    Jessica L. Campbell
                      Attorneys for Plaintiff Mitchel Parker

26

27

28

-18-

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4    Dated: January 15, 2019                     **AEGIS LAW FIRM, PC**

5

6                                          By: _____

7                                               Jessica L. Campbell
                                                Attorneys for Plaintiff Mitchel Parker

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

# EXHIBIT  C

 **CT Corporation**

**Service of Process Transmittal**
01/18/2019
CT Log Number 534763421

**TO:** Francis Ferrara, Senior VP & Deputy General Counsel
Veolia North America
120 Water St Ste 212
North Andover, MA 01845-2648

**RE:** **Process Served in California**

**FOR:** Veolia Water North America-West, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RE: MITCHEL PARKER, ETC., PLTF. // To: VEOLIA ENERGY NORTH AMERICA, LLC., ET AL., DFTS. // TO: Veolia Water North America-West, LLC |
| **DOCUMENT(S) SERVED:** | LETTER, COMPLAINT |
| **COURT/AGENCY:** | San Bernardino County - Superior Court, CA<br>Case # None Specified |
| **NATURE OF ACTION:** | FAILURE TO PROVIDE MEAL PERIODS |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/18/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | KASHIF HAQUE<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive<br>Suite 100<br>Irvine, CA 92618<br>949-379-6250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/19/2019, Expected Purge Date: 01/24/2019 |
| | Image SOP |
| | Email Notification,  Francis Ferrara  frank.ferrara@veolia.com |
| | Email Notification,  Whitney Fawcett  whitney.fawcett@veolia.com |
| | Email Notification,  Katie Lynch  katie.lynch@veolia.com |
| | Email Notification,  Holly Garabedian  holly.garabedian@veolia.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / RB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CT

PLEASE NOTE:

SERVICE TAKEN FOR:

VEOLIA WATER NORTH AMERICA-WEST, LLC

 Wolters Kluwer

**CERTIFIED MAIL®**

7018 2290 0000 1600 1995



UNITED STATES POSTAGE
$008.04°
PITNEY BOWES
02 1P
0000643095
MAILED FROM ZIP CODE 92618

55



AEGIS LAW

9811 Irvine Center Drive, Suite 100
Irvine, California 92618

C T CORPORATION SYSTEM (C0168406)
818 West Seventh Street. Suite 930
Los Angeles, CA 90017

 **AEGIS LAW**

AEGIS LAW FIRM, PC
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: 949.379.6250
Facsimile: 949.379.6251
www.aegislawfirm.com

January 15, 2019

**VIA ONLINE SUBMISSION**

California Labor and Workforce Development Agency
Attn: PAGA Administrator

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

Agent for Service of Process for Veolia Energy North America, Llc; Veolia Water North
America Operating Services, LLC; Veolia Water North America-West, LLC:
C T CORPORATION SYSTEM (C0168406)
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

> Re: _Mitchel Parker v. Veolia Energy North America, Llc; Veolia Water North
> America Operating Services, LLC; Veolia Water North America-West, LLC_

Dear Labor and Workforce Development Agency and Veolia Energy North America, Llc; Veolia
Water North America Operating Services, LLC; Veolia Water North America-West, LLC:

Please allow this correspondence to serve as written notice required by California Labor
Code § 2699.3(a)(1) of the specific provisions of the Labor Code allegedly violated by Veolia
Energy North America, Llc; Veolia Water North America Operating Services, LLC; Veolia Water
North America-West, LLC ("Veolia") and the facts and theories in support of said allegations.
This firm represents Mitchel Parker ("Claimant"); we hereby notify you that Claimant intends to
seek penalties against Veolia under the Private Attorneys General Act of 2004, Cal. Lab. Code §§
2698 _et seq._, on behalf of himself and all other aggrieved employees.

Specific Provisions of the California Labor Code Allegedly Violated by Veolia

The specific provisions of the Labor Code allegedly violated by Veolia and the provisions
under which Claimant submits this correspondence include the following: §§ 201-203, 204, 210,
226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, and 1198.

Facts and Theories Supporting the Allegations Against Veolia

Claimant and other aggrieved employees worked for Veolia as non-exempt employees in
California. Claimant was employed by Veolia as a non-exempt employee in California within the
past year.

Veolia failed to provide 30-minute uninterrupted meal periods within the appropriate time
intervals to Claimant and other aggrieved employees as required by Labor Code section 512 and

| Irvine | Los Angeles | Riverside |
|---|---|---|

section 11 of the applicable Wage Order. Claimant and other aggrieved employees frequently worked shifts over five hours and 10 hours and did not receive lawful meal periods because Veolia required its employees to work through their meal periods or were not scheduled to be relieved by other employees at the appropriate intervals to receive all meal periods, and as a result, the meal periods were missed, late, short, and/or interrupted. Claimant and other aggrieved employees worked over 10 hours in some instances and were entitled to a second meal period, but were not provided a second meal period for the same reasons stated herein.

When Claimant and other aggrieved employees missed meal periods or if the meal periods were late, short, and/or interrupted, Veolia violated Labor Code sections 226.7 and 512, as well as section 11 of the applicable Wage Order, by failing to pay an additional hour of pay at the regular rate of pay to Claimant and other aggrieved employees for every day in which they suffered a meal period violation, and they were entitled to this meal period premium pursuant to Labor Code section 558.

Additionally, Veolia failed to authorize or permit 10 minute rest periods for every four hours or major fraction thereof worked because Claimant and other aggrieved employees were required to work through their rest periods, were not authorized to take their rest periods, were discouraged from taking their rest periods, and/or were not scheduled to be relieved by other employees at the appropriate intervals to receive all rest periods. Claimant and other aggrieved employees worked over 10 hours in some instances and were entitled to a third rest period, but were not provided a third rest period for the same reasons stated herein.

When Claimant and other aggrieved employees did not receive rest periods, Veolia violated Labor Code section 226.7 and section 12 of the applicable Wage Order by failing to pay an additional hour of pay at the regular rate of pay to Claimant and other aggrieved employees, and they were entitled to this rest period premium pursuant to Labor Code section 558.

Veolia failed to pay Claimant and other aggrieved employees at least the legal minimum wage for all hours worked (in violation of Labor Code sections 558, 1194, 1194.2, 1197, and 1198) due to Veolia's policy and practice of requiring Claimant and aggrieved employees to work through their meal periods without proper pay and work after clocking out to complete "turnover" to the next employee coming on shift. To the extent such work performed while clocked out entitled employees to pay at the legal minimum wage rate or at the overtime rate of pay, Veolia failed to pay Claimant and other aggrieved all minimum wages, overtime wages, and double time wages for these hours. Veolia also failed to pay overtime and double time at the proper rate because incentive pay, such as bonuses were not included in Claimant's and aggrieved employees' regular rate of pay. Thus, Veolia did not pay all overtime and double time wages for the overtime and double time hours worked, including, but not limited to, hours worked in excess of eight hours in a day and/or 40 hours in a week (in violation of Labor Code sections 510, 1194, and 1198).

As a result of, and in addition to, these actions, Veolia violated Labor Code sections 226 and 226.3 by failing to provide itemized wage statements that accurately reported the following: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is

2

paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. For example, Veolia failed to list the accurate employing entity on Claimant's and aggrieved employees' wage statements. Similarly, Veolia violated Labor Code sections 1174 and 1174.5 by failing to maintain accurate and complete records showing the hours worked daily by the aggrieved employees and the wages paid to aggrieved employees (due to the same underpayment of wages referenced above).

Furthermore, Veolia violated the Labor Code by failing to properly pay all these wages owed throughout aggrieved employees' employment and following the end of these workers' employment with Veolia (in violation of Labor Code sections 201-203, 204, and 210).

Based on these violations, Claimant seeks attorneys' fees, interest, and penalties under the Labor Code. The civil penalties Claimant seeks on behalf of himself and other aggrieved employees include those authorized by Labor Code section 558. Attached hereto and incorporated herein is Claimant's class action complaint. Claimant intends to amend the complaint to include a cause of action pursuant to Labor Code §§ 2698, *et seq.*, after the minimum required review period elapses.

Thank you for your assistance on this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,
AEGIS LAW FIRM

Jessica L. Campbell

Enclosure(s)
Class Action Complaint

3

1  **AEGIS LAW FIRM, PC**
   KASHIF HAQUE, State Bar No. 218672
2  SAMUEL A. WONG, State Bar No. 217104
   JESSICA L. CAMPBELL, State Bar No. 280626
3  9811 Irvine Center Drive, Suite 100
   Irvine, California 92618
4  Telephone: (949) 379-6250
   Facsimile: (949) 379-6251
5
6  Attorneys for Plaintiff Mitchel Parker, individually,
   and on behalf of all others similarly situated.
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN BERNARDINO**

10

11  MITCHEL PARKER, individually and on      Case No.
    behalf of all others similarly situated,

12        Plaintiff,                          **CLASS ACTION COMPLAINT FOR:**

13      vs.                                   1.  Failure to Pay Minimum Wages;

14                                            2.  Failure to Pay Overtime Wages;
    VEOLIA ENERGY NORTH AMERICA,
15  LLC; VEOLIA WATER NORTH                   3.  Failure to Provide Meal Periods;
    AMERICA OPERATING SERVICES,
16  LLC; VEOLIA WATER NORTH                   4.  Failure to Permit Rest Breaks;
    AMERICA-WEST, LLC; and DOES 1
17  through 20, inclusive,                    5.  Failure to Provide Accurate Itemized Wage
                                                  Statements;
18        Defendants.
                                              6.  Failure to Pay All Wages Due Upon
19                                                Separation of Employment; and

20                                            7.  Violation of Business and Professions
                                                  Code §§ 17200, *et seq.*
21

22                                            **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

                              CLASS ACTION COMPLAINT

1    Plaintiff Mitchel Parker, individually, and on behalf of others similarly situated, alleges
2    as follows:

3                    **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4        1.      Plaintiff Mitchel Parker ("Plaintiff") brings this putative class action against
5    defendant Veolia Energy North America, LLC; Veolia Water North America Operating
6    Services, LLC; Veolia Water North America-West, LLC and DOES 1 through 20, inclusive
7    (collectively, "Defendants"), on behalf of himself individually and a putative class of California
8    citizens who are and were employed by Defendants as non-exempt employees throughout
9    California.

10       2.      Defendants are in the business of providing water, waste, and energy services.

11       3.      Through this action, Plaintiff alleges that Defendants engaged in a systematic
12   pattern of wage and hour violations under the California Labor Code and Industrial Welfare
13   Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair
14   competition.

15       4.      Plaintiff is informed and believes, and thereon alleges, that Defendants have
16   increased their profits by violating state wage and hour laws by, among other things:

17              (a)     failing to pay all wages (including minimum wages and overtime
18                      wages);

19              (b)     failing to provide lawful meal periods or compensation in lieu thereof;

20              (c)     failing to authorize or permit lawful rest breaks or provide compensation
21                      in lieu thereof;

22              (d)     failing to provide accurate itemized wage statements; and

23              (e)     failing to pay all wages due upon separation of employment.

24       5.      Plaintiff seeks monetary relief against Defendants on behalf of himself and all
25   others similarly situated in California to recover, among other things, unpaid wages and
26   benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§
27   201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198, and Code of California Civil
28   Procedure § 1021.5.

-1-

CLASS ACTION COMPLAINT

1

**JURISDICTION AND VENUE**

2   6.   This is a class action pursuant to California Code of Civil Procedure § 382. The
3   monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits
4   of the Superior Court and will be established according to proof at trial.

5   7.   This Court has jurisdiction over this action pursuant to the California
6   Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all
7   causes except those given by statutes to other courts. The statutes under which this action is
8   brought do not specify any other basis for jurisdiction.

9   8.   This Court has jurisdiction over all Defendants because, upon information and
10  belief, they are citizens of California, have sufficient minimum contacts in California, or
11  otherwise intentionally avail themselves of the California market so as to render the exercise of
12  jurisdiction over them by the California courts consistent with traditional notions of fair play
13  and substantial justice.

14  9.   Venue is proper in this Court because, upon information and belief, Defendants
15  reside, transact business, or have offices in this county, and the acts and omissions alleged
16  herein took place in this county.

17

**THE PARTIES**

18  10.  Plaintiff is a resident of California and worked for Defendants in California
19  during the relevant time periods as alleged herein.

20  11.  Plaintiff is informed and believes, and thereon alleges that at all times
21  hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage
22  Orders as employers, whose employees were and are engaged throughout this county and the
23  State of California.

24  12.  Plaintiff is unaware of the true names or capacities of the defendants sued herein
25  under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this
26  Complaint and serve such fictitiously named defendants once their names and capacities
27  become known.

28

-2-

1      13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20
2   are or were the partners, agents, owners, shareholders, managers, or employees of Defendants
3   at all relevant times.

4      14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted
5   in all respects pertinent to this action as the agent of the other defendant, carried out a joint
6   scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant
7   are legally attributable to the other defendant. Furthermore, defendants in all respects acted as
8   the employer and/or joint employer of Plaintiff and the class members.

9      15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the
10   acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or
11   DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on
12   the other's behalf. The acts of any and all Defendants were in accordance with, and represent,
13   the official policy of Defendants.

14      16.     At all relevant times, Defendants, and each of them, acted within the scope of
15   such agency or employment, or ratified each and every act or omission complained of herein.
16   At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of
17   each and all the other Defendants in proximately causing the damages herein alleged.

18      17.     Plaintiff is informed and believes, and thereon alleges, that each of said
19   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,
20   omissions, occurrences, and transactions alleged herein.

21                              **CLASS ACTION ALLEGATIONS**

22      18.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of
23   himself and all others similarly situated who were affected by Defendants' Labor Code,
24   Business and Professions Code §§ 17200, and IWC Wage Order violations.

25      19.     All claims alleged herein arise under California law for which Plaintiff seeks
26   relief authorized by California law.

27      20.     Plaintiff's proposed class consists of and is defined as follows:

28   ///

-3-

1          Class

2              All California citizens currently or formerly employed by Defendants as non-

3          exempt employees in the State of California within four years prior to the filing of

4          this action to the date the class is certified ("Class").

5      21.    Plaintiff also seeks to certify the following subclass of employees:

6          Waiting Time Subclass

7              All Class Members who separated their employment with Defendants at any time

8          within three years prior to the filing of this action to the date the class is certified

9          ("Waiting Time Subclass").

10     22.    Plaintiff reserves the right to modify or re-define the Class, establish additional

11  subclasses, or modify or re-define any class or subclass definition as appropriate based on

12  investigation, discovery, and specific theories of liability.

13     23.    Members of the Class and the Waiting Time Subclass described above will be

14  collectively referred to as "Class Members."

15     24.    There are common questions of law and fact as to the Class Members that

16  predominate over any questions affecting only individual members including, but not limited to,

17  the following:

18          (a)    Whether Defendants failed to pay Plaintiff and Class Members all wages

19              (including minimum wages and overtime wages) for all hours worked by

20              Plaintiff and Class Members.

21          (b)    Whether Defendants required Plaintiff and Class Members to work over

22              eight (8) hours per day and/or over forty (40) hours per week and failed

23              to pay them proper overtime and double time compensation for all

24              overtime hours worked.

25          (c)    Whether Defendants deprived Plaintiff and Class Members of timely

26              meal periods or required Plaintiff and Class Members to work through

27              meal periods without compensation.

28

-4-

1             (d)    Whether Defendants deprived Plaintiff and Class Members of rest breaks

2                   or required Plaintiff and Class Members to work through rest breaks.

3             (e)    Whether Defendants failed to provide Plaintiff and Class Members

4                   accurate itemized wage statements.

5             (f)    Whether Defendants failed to timely pay the Waiting Time Subclass all

6                   wages due upon termination or within seventy-two (72) hours of

7                   resignation.

8             (g)    Whether Defendants' conduct was willful or reckless.

9             (h)    Whether Defendants engaged in unfair business practices in violation of

10                Business and Professions Code §§ 17200, *et seq*.

11     25.    There is a well-defined community of interest in this litigation and the proposed

12   Class and Subclass are readily ascertainable:

13         (a)    Numerosity: The Class Members are so numerous that joinder of all

14   members is impractical. Although the members of the entire Class and the Waiting Time

15   Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated

16   to be at least (50) individuals. The identities of the Class Members are readily ascertainable by

17   inspection of Defendants' employment and payroll records.

18         (b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the

19   claims (or defenses, if any) of the Class Members because Defendants' failure to comply with

20   the provisions of California's wage and hour laws entitled each Class Member to similar pay,

21   benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

22   sustained by the Class Members, because they arise out of and are caused by Defendants'

23   common course of conduct as alleged herein.

24         (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the

25   interests of all Class Members because it is in his best interest to prosecute the claims alleged

26   herein to obtain full compensation and penalties due to him and the Class Members. Plaintiff's

27   attorneys, as proposed class counsel, are competent and experienced in litigating large

28   employment class actions and versed in the rules governing class action discovery,

-5-

1     certification, and settlement. Plaintiff has incurred and, throughout the duration of this action,

2     will continue to incur attorneys' fees and costs that have been and will be necessarily expended

3     for the prosecution of this action for the substantial benefit of the Class Members.

4               (d)      Superiority: The nature of this action makes use of class action

5     adjudication superior to other methods. A class action will achieve economies of time, effort,

6     and expense as compared with separate lawsuits and will avoid inconsistent outcomes because

7     the same issues can be adjudicated in the same manner for the entire Class and Waiting Time

8     Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods

9     to efficiently manage this case as a class action.

10             (e)      Public Policy Considerations: Employers in the State of California

11     violate employment and labor laws every day. Current employees are often afraid to assert their

12     rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing

13     actions because they believe their former employers might damage their future endeavors

14     through negative references and/or other means. Class actions provide class members who are

15     not named in the complaint with a type of anonymity that allows for the vindication of their

16     rights while affording them privacy protections.

17                             **GENERAL ALLEGATIONS**

18       26.      At all relevant times mentioned herein, Defendants employed Plaintiff and other

19     California residents as non-exempt employees throughout California and at Defendants'

20     California business location(s).

21       27.      Defendants continue to employ non-exempt employees within California.

22       28.      Plaintiff is informed and believes, and thereon alleges, that at all times herein

23     mentioned, Defendants were advised by skilled lawyers, employees, and other professionals

24     who were knowledgeable about California's wage and hour laws, employment and personnel

25     practices, and the requirements of California law.

26       29.      Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27     should have known that Plaintiff and Class Members were entitled to receive wages for all time

28     worked (including minimum wages and overtime wages) and that they were not receiving all

1    wages earned for work that was required to be performed. In violation of the Labor Code and

2    IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum

3    wages and overtime wages) for all hours worked. These violations were due to Defendants'

4    requirements that Plaintiff and Class Members work while clocked out, and Defendants' failure

5    to include incentive pay in Plaintiff's and Class Members' regular rate of pay.

6          30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7    should have known that Plaintiff and Class Members were entitled to receive all required meal

8    periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular

9    rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the

10    Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal

11    periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular

12    rate of pay when they did not receive a timely, uninterrupted meal period.

13          31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14    should have known that Plaintiff and Class Members were entitled to receive all rest breaks or

15    payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay

16    when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC

17    Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1)

18    additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break

19    was missed, late, or interrupted.

20          32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21    should have known that Plaintiff and Class Members were entitled to receive itemized wage

22    statements that accurately showed the name of the employer entity, gross and net wages earned,

23    total hours worked, all applicable hourly rates in effect, and the number of hours worked at

24    each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff

25    and Class Members were not provided with accurate itemized wage statements.

26          33.    Defendants knew or should have known that the Waiting Time Subclass was

27    entitled to timely payment of wages due upon separation of employment. In violation of the

28

-7-

1  Labor Code, the Waiting Time Subclass did not receive payment of all wages within the
2  permissible time periods.

3      34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4  should have known they had a duty to compensate Plaintiff and Class Members, and
5  Defendants had the financial ability to pay such compensation but willfully, knowingly, and
6  intentionally failed to do so in order to increase Defendants' profits.

7      35.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief
8  against Defendants on behalf of himself and all Class Members to recover, among other things,
9  unpaid wages (including minimum wages and overtime wages), unpaid meal period premium
10  payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and
11  expenses.

12                          **FIRST CAUSE OF ACTION**

13                       **FAILURE TO PAY MINIMUM WAGES**

14      (Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

15      36.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
16  though fully set forth herein.

17      37.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
18  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
19  wage than the minimum so fixed is unlawful.

20      38.    During the relevant time period, Defendants paid Plaintiff and Class Members
21  less than minimum wages when they failed to pay proper compensation for all hours worked.
22  To the extent these hours do not qualify for the payment of overtime, Plaintiff and Class
23  Members were not being paid at least minimum wage for their work.

24      39.    During the relevant time period, Defendants regularly failed to pay at least
25  minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code
26  §§ 1194 and 1197.

27      40.    Defendants' failure to pay Plaintiff and Class Members the required minimum
28  wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class

-8-

1 | Members are entitled to recover the unpaid balance of their minimum wage compensation as
2 | well as interest, costs, and attorneys' fees.

3 | 41. Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to
4 | recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued
5 | interest thereon.

6 | ### SECOND CAUSE OF ACTION

7 | ### FAILURE TO PAY OVERTIME

8 | (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

9 | 42. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
10 | though fully set forth herein.

11 | 43. Labor Code § 1198 and the applicable IWC Wage Order provide that it is
12 | unlawful to employ persons without compensating them at a rate of pay either one and one-half
13 | (1½) or two (2) times the person's regular rate of pay, depending on the number of hours
14 | worked by the person on a daily or weekly basis.

15 | 44. Specifically, the applicable IWC Wage Orders provide that Defendants are and
16 | were required to pay overtime compensation to Plaintiff and Class Members at the rate of one
17 | and one-half times (1½) their regular rate of pay when working and for all hours worked in
18 | excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first
19 | eight (8) hours of work on the seventh day of work in a workweek.

20 | 45. The applicable IWC Wage Orders further provide that Defendants are and were
21 | required to pay overtime compensation to Plaintiff and Class Members at a rate of two times
22 | their regular rate of pay when working and for all hours worked in excess of twelve (12) hours
23 | in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

24 | 46. California Labor Code § 510 codifies the right to overtime compensation at one
25 | and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in
26 | a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh
27 | consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

28 |

-9-

1  worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
2  seventh day of work in a workweek.

3      47.    Labor Code § 510 and the applicable IWC Wage Orders provide that
4  employment of more than six days in a workweek is only permissible if the employer pays
5  proper overtime compensation as set forth herein.

6      48.    Plaintiff and Class Members were non-exempt employees entitled to the
7  protections of California Labor Code §§ 510 and 1194.

8      49.    During the relevant time period, Defendants required Plaintiff and Class
9  Members to work in excess of eight (8) hours in a day and/or forty (40) hours in a week,
10  entitling them to overtime wages.

11      50.    To the extent the hours worked by Plaintiff and Class Members during the
12  relevant time period qualify for the payment of overtime and double time wages, Plaintiff and
13  Class Members were not paid all overtime and double time wages owed. Defendants failed to
14  pay Plaintiff and Class Members overtime wages for all overtime hours worked.

15      51.    In violation of state law, Defendants knowingly and willfully refused to perform
16  their obligations and compensate Plaintiff and Class Members for all wages earned and all
17  hours worked.

18      52.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of
19  overtime compensation, as required by California law, violates the provisions of Labor Code
20  §§ 510 and 1198, and is therefore unlawful.

21      53.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to
22  recover their unpaid overtime and double time compensation as well as interest, costs, and
23  attorneys' fees.

24                               **THIRD CAUSE OF ACTION**

25                **FAILURE TO PROVIDE MEAL PERIODS**

26      (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

27      54.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28  though fully set forth herein

-10-

1    55.    Labor Code § 226.7 provides that no employer shall require an employee to work
2    during any meal period mandated by the IWC Wage Orders.

3    56.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall
4    employ any person for a work period of more than five (5) hours without a meal period of not
5    less than 30 minutes, except that when a work period of not more than six (6) hours will
6    complete the day's work the meal period may be waived by mutual consent of the employer and
7    the employee."

8    57.    Labor Code § 512(a) provides that an employer may not require, cause, or permit
9    an employee to work for a period of more than five (5) hours per day without providing the
10   employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if
11   the total work period per day of the employee is not more than six (6) hours, the meal period
12   may be waived by mutual consent of both the employer and the employee.

13   58.    Labor Code § 512(a) also provides that an employer may not employ an
14   employee for a work period of more than ten (10) hours per day without providing the employee
15   with a second meal period of not less than thirty (30) minutes, except that if the total hours
16   worked is no more than twelve (12) hours, the second meal period may be waived by mutual
17   consent of the employer and the employee only if the first meal period was not waived.

18   59.    During the relevant time period, Plaintiff and Class Members did not receive
19   compliant meal periods for working more than five (5) and/or ten (10) hours per day because
20   their meal periods were missed, late, and/or short.

21   60.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require
22   an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of
23   compensation for each work day that a compliant meal period is not provided.

24   61.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal
25   period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)
26   and section 11 of the applicable IWC Wage Order.

27

28

-11-

62.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

63.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

64.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

65.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

66.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

67.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

68.     At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

69.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

-12-

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226)

70.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

71.     Labor Code. § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the employing entity name, gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

73.     As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code

-13-

1 § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage
2 statements, Defendants prevented Plaintiff and Class Members from determining if all hours
3 worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had
4 to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff
5 to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and
6 incur these costs had Defendants provided the accurate hours worked, wages earned, and rates
7 of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of
8 wages from Defendants.

9     74.   Plaintiff and Class Members are entitled to recover from Defendants the greater
10 of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or
11 fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred
12 dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not
13 exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

14     75.   Defendants' violations of California Labor Code § 226(a) prevented Plaintiff
15 and Class Members from knowing, understanding, and disputing the wages paid to them and
16 resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'
17 knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and
18 Class Members have suffered an injury, in the exact amount of damages and/or penalties to be
19 shown according to proof at trial.

20     76.   Plaintiff and Class Members are also entitled to injunctive relief under
21 California Labor Code § 226(h), compelling Defendants to comply with California Labor Code
22 § 226. Accordingly, Plaintiff and Class Members seek the recovery of attorneys' fees and costs
23 incurred in obtaining this injunctive relief.

24                     **SIXTH CAUSE OF ACTION**

25     **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

26                (Violation of Labor Code §§ 201, 202, and 203)

27     77.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
28 though fully set forth herein.

-14-

1       78.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

2  the wages earned and unpaid at the time of discharge are due and payable immediately, and that

3  if an employee voluntarily leaves his employment, his or her wages shall become due and

4  payable not later than seventy-two (72) hours thereafter, unless the employee has given

5  seventy-two (72) hours previous notice of an intention to quit, in which case the employee is

6  entitled to his or her wages at the time of quitting.

7       79.    During the relevant time period, Defendants willfully failed to pay the Waiting

8  Time Subclass all their earned wages upon termination, including, but not limited to, proper

9  minimum wage and overtime compensation, meal period premiums, and rest period premiums

10  either at the time of discharge or within seventy-two (72) hours of their leaving Defendants'

11  employ.

12      80.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at

13  the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is

14  in violation of Labor Code §§ 201 and 202.

15      81.   Labor Code § 203 provides that if an employer willfully fails to pay wages owed

16  immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202,

17  then the wages of the employee shall continue as a penalty from the due date at the same rate

18  until paid or until an action is commenced; but the wages shall not continue for more than thirty

19  (30) days.

20      82.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover

21  from Defendants the statutory penalty, which is defined as the Waiting Time Subclass

22  members' regular daily wages at their regular hourly rate of pay for each day they were not

23  paid, up to a maximum of thirty (30) days.

24                   **SEVENTH CAUSE OF ACTION**

25     **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET SEQ._**

26          (Violation of Business and Professions Code §§ 17200, _et seq._)

27      83.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28  though fully set forth herein.

-15-

1        84.    California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of

2 unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice .

3 . . ."

4        85.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may

5 be predicated on a violation of any state or federal law. In the instant case, Defendants' policies

6 and practices violated state law, causing Plaintiff and Class Members to suffer and continue to

7 suffer injuries-in-fact.

8        86.    Defendants' policies and practices violated state law in at least the following

9 respects:

10           (a)    Failing to pay all wages earned (including minimum wage and overtime

11                wages) to Plaintiff and Class Members in violation of Labor Code §§

12                510, 1194, 1194.2, 1197, and 1198.

13           (b)    Failing to provide compliant meal periods without paying Plaintiff and

14                Class Members premium wages for every day said meal periods were not

15                provided in violation of Labor Code §§ 226.7 and 512.

16           (c)    Failing to authorize or permit compliant rest breaks without paying

17                Plaintiff and Class Members premium wages for every day said rest

18                breaks were not authorized or permitted in violation of Labor Code §

19                226.7.

20           (d)    Failing to provide Plaintiff and Class Members with accurate itemized

21                wage statements in violation of Labor Code § 226.

22           (e)    Failing to timely pay all earned wages to the members of the Waiting

23                Time Subclass upon separation of employment in violation of Labor

24                Code §§ 201, 202, and 203.

25        87.    As alleged herein, Defendants systematically engaged in unlawful conduct in

26 violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages

27 (minimum and overtime wages), failing to provide meal periods and rest breaks or

28 compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all

1    wages due and owing upon separation of employment in a timely manner to the Waiting Time
2    Subclass, all in order to decrease their costs of doing business and increase their profits.

3          88.    At all relevant times herein, Defendants held themselves out to Plaintiff and
4    Class Members as being knowledgeable concerning the labor and employment laws of
5    California.

6          89.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff
7    and Class Members wages and monies, thereby creating for Defendants an artificially lower
8    cost of doing business in order to undercut their competitors and establish and/or gain a greater
9    foothold in the marketplace.

10        90.    By violating the foregoing statutes and regulations as herein alleged,
11    Defendants' acts constitute unfair and unlawful business practices under California Business
12    and Professions Code §§ 17200, *et seq.*

13        91.    As a result of the unfair and unlawful business practices of Defendants as
14    alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and
15    restitution in an amount to be shown according to proof at trial.

16        92.    Plaintiff seeks to enforce important rights affecting the public interest within the
17    meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged
18    herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members,
19    and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class
20    Members are entitled to an award of attorneys' fees pursuant to California Code of Civil
21    Procedure § 1021.5.

22               **PRAYER FOR RELIEF**

23        Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief
24    and judgment against Defendants, jointly and severally, as follows:

25        1.    For certification under California Code of Civil Procedure § 382 of the proposed
26    Class, Waiting Time Subclass, and any other appropriate subclasses;

27        2.    For appointment of Mitchel Parker as the class representative;

28        3.    For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

-17-

1    4.  For compensatory damages in an amount according to proof at trial;

2    5.  For an award of damages in the amount of unpaid compensation including, but

3 not limited to, unpaid wages, benefits, and penalties;

4    6.  For economic and/or special damages in an amount according to proof at trial;

5    7.  For liquidated damages pursuant to Labor Code § 1194.2;

6    8.  For statutory penalties to the extent permitted by law, including those pursuant

7 to the Labor Code and IWC Wage Orders;

8    9.  For injunctive relief as provided by the California Labor Code and California

9 Business and Professions Code §§ 17200, *et seq.*;

10    10.  For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11    11.  For an order requiring Defendants to restore and disgorge all funds to each

12 employee acquired by means of any act or practice declared by this Court to be unlawful,

13 unfair, or fraudulent and, therefore, constituting unfair competition under Business and

14 Professions Code §§ 17200, *et seq.*;

15    12.  For pre-judgment interest;

16    13.  For reasonable attorneys' fees, costs of suit, and interest to the extent permitted

17 by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§

18 226(e) and 1194; and

19    14.  For such other relief as the Court deems just and proper.

20

21

22 Dated: January 15, 2019      **AEGIS LAW FIRM, PC**

23

24            By: _____

                Jessica L. Campbell

25                Attorneys for Plaintiff Mitchel Parker

26

27

28

                -18-

1

## DEMAND FOR JURY TRIAL

2  Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4  Dated: January 15, 2019                    **AEGIS LAW FIRM, PC**

5

6                                       By: _____
                                            Jessica L. Campbell
7                                           Attorneys for Plaintiff Mitchel Parker

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

The document, **Mitchel Parker vs. Veolia Water North America Operating Services, LLC.pdf**, was opened or checked out to **Betty Arnold** at 2/15/2019 3:37:19 PM and was not closed, checked in or ndOffice is still in process of checking in the document.

If you are sure that none of the situations above apply, you can manually check it in below.

◉ Check In (**overwrite** the document in the cabinet with revised document)

| Browse... |

Hint: Click Browse to locate the checked out (revised) document.

◯ Reset to Checked In (**do not overwrite** the document in the cabinet)

Cancel or    Check In

# EXHIBIT  D

 **CT Corporation**

**Service of Process Transmittal**
01/31/2019
CT Log Number 534838483

**TO:** Francis Ferrara, Senior VP & Deputy General Counsel
Veolia North America
120 Water St Ste 212
North Andover, MA 01845-2648

**RE:** **Process Served in California**

**FOR:** Veolia Water North America Operating Services, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MITCHEL PARKER, etc., PLtf. vs. VEOLIA ENERGY NORTH AMERICA, LLC, et al., Dfts. // To: Veolia Water North America Operating Services, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Statement |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA Case # CIVDS1901351 |
| **NATURE OF ACTION:** | CLASS ACTION COMPLAINT FOR Failure to Pay Minimum Wages is hereby served |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2019 at 15:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | KASHIF HAQUE AEGIS LAW FIRM, PC 9811 Irvine Center Drive, Suite 100 Irvine, CA 92618 949-379-6250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/01/2019, Expected Purge Date: 02/06/2019 |
| | Image SOP |
| | Email Notification,  Francis Ferrara  frank.ferrara@veolia.com |
| | Email Notification,  Whitney Fawcett  whitney.fawcett@veolia.com |
| | Email Notification,  Katie Lynch  katie.lynch@veolia.com |
| | Email Notification,  Holly Garabedian  holly.garabedian@veolia.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1-31-19 3:00pm

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JAN 1 5 2019

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VEOLIA ENERGY NORTH AMERICA, LLC;
[SEE ATTACHMENT]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MITCHEL PARKER, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número de Caso):* |

Superior Court of the State of California, For the County of San Bernardino; 247. W. 3rd Street, San Bernardino, CA 92415.

CASE NUMBER: CIVDS1901351

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr., #100, Irvine, CA 92618, 949.379.6250

| DATE: | JAN 1 5 2019 | Clerk, by | Manuel Henry Andriano | Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Veolia Water North America Operating Services, LLC
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use | SUMMONS | Page 1 of 1 |
| Judicial Council of California | | Code of Civil Procedure §§ 412.20, 465 |
| SUM-100 [Rev. July 1, 2009] | | www.courtinfo.ca.gov |

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino. It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor. Judge David Cohn presides in the Complex Litigation Department. The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

### CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

**A.   Cases Designated by a Plaintiff as Complex or Provisionally Complex**

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department.  At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

**B.   Cases Counter-Designated By a Defendant as Complex or Provisionally Complex**

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department.  At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

C.    Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.[1]
- All Judicial Council Coordinated Proceedings (JCCP).[2]

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department not to be complex, it will be returned to the referring judge.

---

[1] The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

[2] Petitions for administrative writs of mandamus under Code of Civil Procedure section 1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

3                                                                               Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

Commencing July 1, 2016, for cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court. Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b), and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served;
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case;
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

The Joint Statement is to be filed directly in the Complex Litigation Department no later than five calendar days before the conference. This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

4                                                                   Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

### THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case; or it may be reassigned to a different department. If the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

### CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity will likely be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

Revised August 10, 2016

5

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## FURTHER CASE MANAGEMENT CONFERENCES

After the initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during discovery and preparation for trial, the parties may also request additional case management conferences by making arrangements through the Judicial Assistant assigned to the Complex Litigation Department (909-521-3519). The court will schedule such additional case management conferences at the earliest opportunity.

As with the initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences.

6                                                                                           Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in the Complex Litigation Department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of documents, are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence. Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege,

Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

and other discovery issues that may arise. Counsel may contact the Judicial Assistant assigned to the Complex Litigation Department to schedule an informal conference (909) 521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

8                                                                                     Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

## THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

## TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

9

Revised August 10, 2016



**SUPERIOR COURT OF CALIFORNIA**
County of San Bernardino
San Bernardino District - Civil Division
247 West Third Street
San Bernardino, CA 92415-0210

RETURN
SERVICE
REQUESTED

PRESORTED
FIRST CLASS

Hasler
01/22/2019
US POSTAGE

FIRST-CLASS MAIL
AUTO
$00.42⁴



ZIP 92415
011D12602969

92618 4375  C076

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210
----------------------------------------------------------------------
----------------------------------------------------------------------

CASE NO: CIVDS1901351

AEGIS LAW FIRM
9811 IRVINE CENTER DRIVE
SUITE 100
IRVINE CA 92618


I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

Initial Case Management Order & Guidelines


----------------------------------------------------------------------
----------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
(X) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 01/17/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/17/19 at San Bernardino, CA

BY: AMIE ARROYO
----------------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1901351

http://www.sb-court.org

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 03/20/19     Time:  8:30     Dept: S26

IN RE: **COMPLEX** PARKER -V- VEOLIA ENERGY NORTH AMERICA

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 03/20/19 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
Nancy CS Eberhardt, Court Executive Officer
Date: 01/17/19                                By: AMIE ARROYO
--------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
(X) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 01/17/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/17/19 at San Bernardino, CA  By: AMIE ARROYO

94



**SUPERIOR COURT OF CALIFORNIA**
County of San Bernardino
San Bernardino District - Civil Division
247 West Third Street
San Bernardino, CA 92415-0210

RETURN
SERVICE
REQUESTED

PRESORTED
FIRST CLASS



Hasler
01/22/2019
US POSTAGE

FIRST-CLASS MAIL
AUTO
$00.42⁴

ZIP 92415
011D12602969

9261 B 4375  C076

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

Complex Litigation Program

Judge David Cohn

Department S-26



F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 7 2019

BY _____
DEPUTY

MITCHEL PARKER ÷ V- VEOLIA ENERGY NORTH AMERICA

Case No. CIV-DS1901351

INITIAL CASE MANAGEMENT CONFERENCE ORDER

This case is assigned for all purposes to Judge David Cohn in the Complex Litigation Program. An initial Case Management Conference (CMC) is scheduled for MAR 20 2019 at 8:30 a.m., in Department S-26, located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, California, 92415.

Counsel for all parties are ordered to attend the initial CMC. Absent prior court approval, telephonic appearances are not allowed for the initial CMC. If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances. Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26.

Pending further order of this court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety. This stay precludes the filing of

-1-

1   any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

2   Court. Each defendant, however, is directed to file a Notice of General Appearance (or

3   a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for

4   purposes of identification of counsel and preparation of a service list. The filing of a

5   Notice of General Appearance is without prejudice to any substantive or procedural

6   challenges to the complaint (including subject matter jurisdiction), without prejudice to

7

8   any denial or affirmative defense, and without prejudice to the filing of any cross-

9   complaint. The filing of a Notice of Special Appearance is without prejudice to any

10  challenge to the court's exercise of personal jurisdiction. This stay of the proceedings is

11

12  issued to assist the court and the parties in managing this case through the

13  development of an orderly schedule for briefing and hearings on any procedural or

14  substantive challenges to the complaint and other issues that may assist in the orderly

15  management of this case. This stay shall not preclude the parties from informally

16  exchanging documents and other information that may assist them in their initial

17

18  evaluation of the issues.

19          Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant,

20  or, if counsel is not known, on each defendant within five days of the date of this Order.

21  If the complaint has not been served as the date of this Order, counsel for plaintiff is to

22

23  serve the complaint along with this Order within ten days of the date of this Order.

24          Counsel for all parties are ordered to meet and confer in person no later than ten

25  days before the initial CMC to discuss the subjects listed below. Counsel must be fully

26  prepared to discuss these subjects with the court.

27                              Agenda for the Initial CMC

28

    1. Any issues of recusal or disqualification;

                                        -2-

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues.

10. Any other issues counsel deem appropriate to address with the court.

### The Joint Report

Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than three court days before the conference date. The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

-3-

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically

-4-

stored information (ESI ); the plan should include:

    a.  Identification of the Information Management Systems used by the parties;

    b.  The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

    c.  The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

    d.  The format in which ESI will be produced;

    e.  Appropriate search criteria for focused requests.

    f.  A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11.  Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12.  Recommended dates and times for the following:

    a.  The next CMC;

    b.  A schedule for any contemplated ADR;

    c.  A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

    d.  With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

-5-

1    To the extent the parties are unable to agree on any matter to be addressed in

2    the Joint Report, the positions of each party or of various parties should be set forth

3    separately. The parties are encouraged to propose, either jointly or separately, any

4    approaches to case management that they believe will promote the fair and efficient

5    handling of this case.

6

7

8    DATED: _____

9

10                                                David Cohn,
                                                  Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Updated January 16, 2019

-6-

101



**SUPERIOR COURT OF CALIFORNIA**
County of San Bernardino
San Bernardino District - Civil Division
247 West Third Street
San Bernardino, CA 92415-0210

RETURN
SERVICE
REQUESTED

PRESORTED
FIRST CLASS



Hasler
01/22/2019
US POSTAGE

FIRST-CLASS MAIL
AUTO
$00.42⁴



ZIP 92415
011D12602969

9251 8443 75   C076



# Superior Court of California-County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

**What is Alternative Dispute Resolution?**
There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

**Advantages of ADR**
- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

**Disadvantages of ADR** – ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR: Mediation and Arbitration**

## Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.
- Unlike lawsuits or some other types of ADR, the parties, rather the mediator    decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

## Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- Private arbitration by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- Judicial arbitration ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;

- Contact the local bar association, or;

- Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
**Program Director: Lynne Anderson, Executive Director**
**City Center Building**
**Inland Fair Housing & Mediation Board**
**10681 Foothill Boulevard, Suite 101**
**Rancho Cucamonga, CA 91730**
**909-984-2254 or 800-321-0911**
**Fax: 909-460-0274**
*www.inmedbd.com*

**☆☆**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Jessica L. Campbell, Esq. SBN 280626
AEGIS LAW FIRM, P.C.
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618
  TELEPHONE NO.: 949.379.6250        FAX NO.: 949379.6251
ATTORNEY FOR *(Name):* Plaintiff Mitchel Parker

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
  STREET ADDRESS: 247 West 3rd Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Bernardino, CA 92415
  BRANCH NAME: Justice Center

**CASE NAME:**
Mitchel Parker v. Veolia Energy North America, LLC, et al.

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JAN 1 5 2019

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

CASE NUMBER: CIVDS1901351

| CIVIL CASE COVER SHEET | | Complex Case Designation | | |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties        d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Seven
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 15, 2019
Jessica L. Campbell
(TYPE OR PRINT NAME)                                                  ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Mitchel Parker

CASE NO.: CIVDS1901351

vs.

**CERTIFICATE OF ASSIGNMENT**

Veolia Energy North America, LLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino - Justice Center District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | The cause of action arose within the district. |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| | |
|---|---|
| Place of business | 501 E. Santa Ana Ave. |
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Bloomington | CA | 92316 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on January 15, 2019 at Irvine , California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory

1 | AEGIS LAW FIRM, PC
2 | KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
3 | JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
4 | Irvine, California 92618
Telephone: (949) 379-6250
5 | Facsimile: (949) 379-6251
6 | Attorneys for Plaintiff Mitchel Parker, individually,
and on behalf of all others similarly situated.
7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JAN 1 5 2019

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN BERNARDINO**

10 |

11 | MITCHEL PARKER, individually and on
behalf of all others similarly situated,

12 |                    Plaintiff,

13 |        vs.

14 |

15 | VEOLIA ENERGY NORTH AMERICA,
LLC; VEOLIA WATER NORTH
16 | AMERICA OPERATING SERVICES,
LLC; VEOLIA WATER NORTH
17 | AMERICA-WEST, LLC; and DOES 1
through 20, inclusive,

18 |

19 |                    Defendants.

Case No.   CIVDS1901351

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;

2. Failure to Pay Overtime Wages;

3. Failure to Provide Meal Periods;

4. Failure to Permit Rest Breaks;

5. Failure to Provide Accurate Itemized Wage
Statements;

6. Failure to Pay All Wages Due Upon
Separation of Employment; and

7. Violation of Business and Professions
Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

By Fax

CLASS ACTION COMPLAINT

1    Plaintiff Mitchel Parker, individually, and on behalf of others similarly situated, alleges

2    as follows:

3    **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4    1.    Plaintiff Mitchel Parker ("Plaintiff") brings this putative class action against

5    defendant Veolia Energy North America, LLC; Veolia Water North America Operating

6    Services, LLC; Veolia Water North America-West, LLC and DOES 1 through 20, inclusive

7    (collectively, "Defendants"), on behalf of himself individually and a putative class of California

8    citizens who are and were employed by Defendants as non-exempt employees throughout

9    California.

10    2.    Defendants are in the business of providing water, waste, and energy services.

11    3.    Through this action, Plaintiff alleges that Defendants engaged in a systematic

12    pattern of wage and hour violations under the California Labor Code and Industrial Welfare

13    Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair

14    competition.

15    4.    Plaintiff is informed and believes, and thereon alleges, that Defendants have

16    increased their profits by violating state wage and hour laws by, among other things:

17        (a)    failing to pay all wages (including minimum wages and overtime

18            wages);

19        (b)    failing to provide lawful meal periods or compensation in lieu thereof;

20        (c)    failing to authorize or permit lawful rest breaks or provide compensation

21            in lieu thereof;

22        (d)    failing to provide accurate itemized wage statements; and

23        (e)    failing to pay all wages due upon separation of employment.

24    5.    Plaintiff seeks monetary relief against Defendants on behalf of himself and all

25    others similarly situated in California to recover, among other things, unpaid wages and

26    benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§

27    201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198, and Code of California Civil

28    Procedure § 1021.5.

-1-

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

6.     This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

**THE PARTIES**

10.     Plaintiff is a resident of California and worked for Defendants in California during the relevant time periods as alleged herein.

11.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

CLASS ACTION COMPLAINT

13. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14. Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16. At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20. Plaintiff's proposed class consists of and is defined as follows:

///

-3-

CLASS ACTION COMPLAINT

|   |   |   |
|---|---|---|
| 1 | | Class |

<u>Class</u>

All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California within four years prior to the filing of this action to the date the class is certified ("Class").

21.   Plaintiff also seeks to certify the following subclass of employees:

<u>Waiting Time Subclass</u>

All Class Members who separated their employment with Defendants at any time within three years prior to the filing of this action to the date the class is certified ("Waiting Time Subclass").

22.   Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.   Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.   There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)   Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)   Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay them proper overtime and double time compensation for all overtime hours worked.

(c)   Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without compensation.

-4-

CLASS ACTION COMPLAINT

1         (d)    Whether Defendants deprived Plaintiff and Class Members of rest breaks

2                or required Plaintiff and Class Members to work through rest breaks.

3         (e)    Whether Defendants failed to provide Plaintiff and Class Members

4                accurate itemized wage statements.

5         (f)    Whether Defendants failed to timely pay the Waiting Time Subclass all

6                wages due upon termination or within seventy-two (72) hours of

7                resignation.

8         (g)    Whether Defendants' conduct was willful or reckless.

9         (h)    Whether Defendants engaged in unfair business practices in violation of

10              Business and Professions Code §§ 17200, *et seq*.

11     25.    There is a well-defined community of interest in this litigation and the proposed

12 Class and Subclass are readily ascertainable:

13         (a)    <u>Numerosity</u>: The Class Members are so numerous that joinder of all

14 members is impractical. Although the members of the entire Class and the Waiting Time

15 Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated

16 to be at least (50) individuals. The identities of the Class Members are readily ascertainable by

17 inspection of Defendants' employment and payroll records.

18         (b)    <u>Typicality</u>: The claims (or defenses, if any) of Plaintiff are typical of the

19 claims (or defenses, if any) of the Class Members because Defendants' failure to comply with

20 the provisions of California's wage and hour laws entitled each Class Member to similar pay,

21 benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

22 sustained by the Class Members, because they arise out of and are caused by Defendants'

23 common course of conduct as alleged herein.

24         (c)    <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the

25 interests of all Class Members because it is in his best interest to prosecute the claims alleged

26 herein to obtain full compensation and penalties due to him and the Class Members. Plaintiff's

27 attorneys, as proposed class counsel, are competent and experienced in litigating large

28 employment class actions and versed in the rules governing class action discovery,

-5-

1    certification, and settlement. Plaintiff has incurred and, throughout the duration of this action,
2    will continue to incur attorneys' fees and costs that have been and will be necessarily expended
3    for the prosecution of this action for the substantial benefit of the Class Members.

4           (d)     Superiority: The nature of this action makes use of class action
5    adjudication superior to other methods. A class action will achieve economies of time, effort,
6    and expense as compared with separate lawsuits and will avoid inconsistent outcomes because
7    the same issues can be adjudicated in the same manner for the entire Class and Waiting Time
8    Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods
9    to efficiently manage this case as a class action.

10          (e)     Public Policy Considerations: Employers in the State of California
11   violate employment and labor laws every day. Current employees are often afraid to assert their
12   rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing
13   actions because they believe their former employers might damage their future endeavors
14   through negative references and/or other means. Class actions provide class members who are
15   not named in the complaint with a type of anonymity that allows for the vindication of their
16   rights while affording them privacy protections.

17                              **GENERAL ALLEGATIONS**

18          26.     At all relevant times mentioned herein, Defendants employed Plaintiff and other
19   California residents as non-exempt employees throughout California and at Defendants'
20   California business location(s).

21          27.     Defendants continue to employ non-exempt employees within California.

22          28.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
23   mentioned, Defendants were advised by skilled lawyers, employees, and other professionals
24   who were knowledgeable about California's wage and hour laws, employment and personnel
25   practices, and the requirements of California law.

26          29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
27   should have known that Plaintiff and Class Members were entitled to receive wages for all time
28   worked (including minimum wages and overtime wages) and that they were not receiving all

-6-

1    wages earned for work that was required to be performed. In violation of the Labor Code and
2    IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum
3    wages and overtime wages) for all hours worked. These violations were due to Defendants'
4    requirements that Plaintiff and Class Members work while clocked out, and Defendants' failure
5    to include incentive pay in Plaintiff's and Class Members' regular rate of pay.

6        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
7    should have known that Plaintiff and Class Members were entitled to receive all required meal
8    periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular
9    rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the
10   Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal
11   periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular
12   rate of pay when they did not receive a timely, uninterrupted meal period.

13       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
14   should have known that Plaintiff and Class Members were entitled to receive all rest breaks or
15   payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay
16   when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC
17   Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1)
18   additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break
19   was missed, late, or interrupted.

20       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
21   should have known that Plaintiff and Class Members were entitled to receive itemized wage
22   statements that accurately showed the name of the employer entity, gross and net wages earned,
23   total hours worked, all applicable hourly rates in effect, and the number of hours worked at
24   each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff
25   and Class Members were not provided with accurate itemized wage statements.

26       33.    Defendants knew or should have known that the Waiting Time Subclass was
27   entitled to timely payment of wages due upon separation of employment. In violation of the

28

-7-

1  Labor Code, the Waiting Time Subclass did not receive payment of all wages within the
2  permissible time periods.

3      34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4  should have known they had a duty to compensate Plaintiff and Class Members, and
5  Defendants had the financial ability to pay such compensation but willfully, knowingly, and
6  intentionally failed to do so in order to increase Defendants' profits.

7      35.     Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief
8  against Defendants on behalf of himself and all Class Members to recover, among other things,
9  unpaid wages (including minimum wages and overtime wages), unpaid meal period premium
10  payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and
11  expenses.

12                          **FIRST CAUSE OF ACTION**

13                      **FAILURE TO PAY MINIMUM WAGES**

14      (Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

15      36.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
16  though fully set forth herein.

17      37.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
18  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
19  wage than the minimum so fixed is unlawful.

20      38.     During the relevant time period, Defendants paid Plaintiff and Class Members
21  less than minimum wages when they failed to pay proper compensation for all hours worked.
22  To the extent these hours do not qualify for the payment of overtime, Plaintiff and Class
23  Members were not being paid at least minimum wage for their work.

24      39.     During the relevant time period, Defendants regularly failed to pay at least
25  minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code
26  §§ 1194 and 1197.

27      40.     Defendants' failure to pay Plaintiff and Class Members the required minimum
28  wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class

-8-

1  Members are entitled to recover the unpaid balance of their minimum wage compensation as
2  well as interest, costs, and attorneys' fees.

3      41.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to
4  recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued
5  interest thereon.

6  **SECOND CAUSE OF ACTION**
7  **FAILURE TO PAY OVERTIME**

8  (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

9      42.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
10  though fully set forth herein.

11      43.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is
12  unlawful to employ persons without compensating them at a rate of pay either one and one-half
13  (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours
14  worked by the person on a daily or weekly basis.

15      44.    Specifically, the applicable IWC Wage Orders provide that Defendants are and
16  were required to pay overtime compensation to Plaintiff and Class Members at the rate of one
17  and one-half times (1½) their regular rate of pay when working and for all hours worked in
18  excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first
19  eight (8) hours of work on the seventh day of work in a workweek.

20      45.    The applicable IWC Wage Orders further provide that Defendants are and were
21  required to pay overtime compensation to Plaintiff and Class Members at a rate of two times
22  their regular rate of pay when working and for all hours worked in excess of twelve (12) hours
23  in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

24      46.    California Labor Code § 510 codifies the right to overtime compensation at one
25  and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in
26  a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh
27  consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

28

-9-

CLASS ACTION COMPLAINT

1    worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

2    seventh day of work in a workweek.

3         47.    Labor Code § 510 and the applicable IWC Wage Orders provide that

4    employment of more than six days in a workweek is only permissible if the employer pays

5    proper overtime compensation as set forth herein.

6         48.    Plaintiff and Class Members were non-exempt employees entitled to the

7    protections of California Labor Code §§ 510 and 1194.

8         49.    During the relevant time period, Defendants required Plaintiff and Class

9    Members to work in excess of eight (8) hours in a day and/or forty (40) hours in a week,

10    entitling them to overtime wages.

11         50.    To the extent the hours worked by Plaintiff and Class Members during the

12    relevant time period qualify for the payment of overtime and double time wages, Plaintiff and

13    Class Members were not paid all overtime and double time wages owed. Defendants failed to

14    pay Plaintiff and Class Members overtime wages for all overtime hours worked.

15         51.    In violation of state law, Defendants knowingly and willfully refused to perform

16    their obligations and compensate Plaintiff and Class Members for all wages earned and all

17    hours worked.

18         52.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of

19    overtime compensation, as required by California law, violates the provisions of Labor Code

20    §§ 510 and 1198, and is therefore unlawful.

21         53.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to

22    recover their unpaid overtime and double time compensation as well as interest, costs, and

23    attorneys' fees.

24                    **THIRD CAUSE OF ACTION**

25                **FAILURE TO PROVIDE MEAL PERIODS**

26         (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

27         54.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28    though fully set forth herein

-10-

CLASS ACTION COMPLAINT

1      55.    Labor Code § 226.7 provides that no employer shall require an employee to work

2  during any meal period mandated by the IWC Wage Orders.

3      56.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall

4  employ any person for a work period of more than five (5) hours without a meal period of not

5  less than 30 minutes, except that when a work period of not more than six (6) hours will

6  complete the day's work the meal period may be waived by mutual consent of the employer and

7  the employee."

8      57.    Labor Code § 512(a) provides that an employer may not require, cause, or permit

9  an employee to work for a period of more than five (5) hours per day without providing the

10  employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

11  the total work period per day of the employee is not more than six (6) hours, the meal period

12  may be waived by mutual consent of both the employer and the employee.

13      58.    Labor Code § 512(a) also provides that an employer may not employ an

14  employee for a work period of more than ten (10) hours per day without providing the employee

15  with a second meal period of not less than thirty (30) minutes, except that if the total hours

16  worked is no more than twelve (12) hours, the second meal period may be waived by mutual

17  consent of the employer and the employee only if the first meal period was not waived.

18      59.    During the relevant time period, Plaintiff and Class Members did not receive

19  compliant meal periods for working more than five (5) and/or ten (10) hours per day because

20  their meal periods were missed, late, and/or short.

21      60.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

22  an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

23  compensation for each work day that a compliant meal period is not provided.

24      61.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal

25  period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)

26  and section 11 of the applicable IWC Wage Order.

27

28

CLASS ACTION COMPLAINT

1    62.   As a result of Defendants' failure to pay Plaintiff and Class Members an

2  additional hour of pay for each day a compliant meal period was not provided, Plaintiff and

3  Class Members suffered and continue to suffer a loss of wages and compensation.

4                          **FOURTH CAUSE OF ACTION**

5                          **FAILURE TO PERMIT REST BREAKS**

6            (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

7    63.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

8  though fully set forth herein.

9    64.   Labor Code § 226.7(a) provides that no employer shall require an employee to

10  work during any rest period mandated by the IWC Wage Orders.

11    65.   Section 12 of the applicable IWC Wage Order states "[e]very employer shall

12  authorize and permit all employees to take rest periods, which insofar as practicable shall be in

13  the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the

14  total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

15  fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

16    66.   During the relevant time period, Plaintiff and Class Members did not receive a

17  ten (10) minute rest period for every four (4) hours or major fraction thereof worked because

18  they were required to work through their daily rest periods and/or were not authorized to take

19  their rest periods.

20    67.   Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

21  requires an employer to pay an employee one (1) additional hour of pay at the employee's

22  regular rate of compensation for each work day that a compliant rest period is not provided.

23    68.   At all relevant times, Defendants failed to pay Plaintiff and Class Members rest

24  period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code §

25  226.7(b) and section 12 of the applicable IWC Wage Order.

26    69.   As a result of Defendants' failure to pay Plaintiff and Class Members an

27  additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class

28  Members suffered and continue to suffer a loss of wages and compensation.

-12-

1

**FIFTH CAUSE OF ACTION**

2

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

3

(Violation of Labor Code § 226)

4       70.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

5 though fully set forth herein.

6       71.    Labor Code § 226(a) requires Defendants to provide each employee with an

7 accurate wage statement in writing showing nine pieces of information, including, the

8 following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

9 piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate

10 basis, (4) all deductions, provided that all deductions made on written orders of the employee

11 may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the

12 period for which the employee is paid, (7) the name of the employee and the last four digits of

13 his or her social security number or an employee identification number other than a social

14 security number, (8) the name and address of the legal entity that is the employer, and (9) all

15 applicable hourly rates in effect during the pay period and the corresponding number of hours

16 worked at each hourly rate by the employee.

17       72.    During the relevant time period, Defendants have knowingly and intentionally

18 failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

19 and Class Members. The deficiencies include, among other things, the failure to correctly state

20 the employing entity name, gross and net wages earned, total hours worked, all applicable

21 hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class

22 Members.

23       73.    As a result of Defendants' knowing and intentional failure to comply with Labor

24 Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their

25 statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an

26 injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor

27 Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and

28 their protected interest in receiving, accurate itemized wage statements under Labor Code

-13-

CLASS ACTION COMPLAINT

1   § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage

2   statements, Defendants prevented Plaintiff and Class Members from determining if all hours

3   worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had

4   to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff

5   to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and

6   incur these costs had Defendants provided the accurate hours worked, wages earned, and rates

7   of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of

8   wages from Defendants.

9       74.   Plaintiff and Class Members are entitled to recover from Defendants the greater

10  of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or

11  fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred

12  dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not

13  exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

14      75.   Defendants' violations of California Labor Code § 226(a) prevented Plaintiff

15  and Class Members from knowing, understanding, and disputing the wages paid to them and

16  resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'

17  knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and

18  Class Members have suffered an injury, in the exact amount of damages and/or penalties to be

19  shown according to proof at trial.

20      76.   Plaintiff and Class Members are also entitled to injunctive relief under

21  California Labor Code § 226(h), compelling Defendants to comply with California Labor Code

22  § 226. Accordingly, Plaintiff and Class Members seek the recovery of attorneys' fees and costs

23  incurred in obtaining this injunctive relief.

24                          **SIXTH CAUSE OF ACTION**

25  <u>**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**</u>

26                  (Violation of Labor Code §§ 201, 202, and 203)

27      77.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28  though fully set forth herein.

-14-

1    78.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

2    the wages earned and unpaid at the time of discharge are due and payable immediately, and that

3    if an employee voluntarily leaves his employment, his or her wages shall become due and

4    payable not later than seventy-two (72) hours thereafter, unless the employee has given

5    seventy-two (72) hours previous notice of an intention to quit, in which case the employee is

6    entitled to his or her wages at the time of quitting.

7    79.    During the relevant time period, Defendants willfully failed to pay the Waiting

8    Time Subclass all their earned wages upon termination, including, but not limited to, proper

9    minimum wage and overtime compensation, meal period premiums, and rest period premiums

10   either at the time of discharge or within seventy-two (72) hours of their leaving Defendants'

11   employ.

12   80.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at

13   the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is

14   in violation of Labor Code §§ 201 and 202.

15   81.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed

16   immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202,

17   then the wages of the employee shall continue as a penalty from the due date at the same rate

18   until paid or until an action is commenced; but the wages shall not continue for more than thirty

19   (30) days.

20   82.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover

21   from Defendants the statutory penalty, which is defined as the Waiting Time Subclass

22   members' regular daily wages at their regular hourly rate of pay for each day they were not

23   paid, up to a maximum of thirty (30) days.

24                              **SEVENTH CAUSE OF ACTION**

25            **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET SEQ._**

26                   (Violation of Business and Professions Code §§ 17200, _et seq._)

27   83.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28   though fully set forth herein.

-15-

84. California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

85. A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

86. Defendants' policies and practices violated state law in at least the following respects:

    (a)    Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members in violation of Labor Code §§ 510, 1194, 1194.2, 1197, and 1198.

    (b)    Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

    (c)    Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

    (d)    Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

    (e)    Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

87. As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all

-16-

1  wages due and owing upon separation of employment in a timely manner to the Waiting Time
2  Subclass, all in order to decrease their costs of doing business and increase their profits.

3      88.    At all relevant times herein, Defendants held themselves out to Plaintiff and
4  Class Members as being knowledgeable concerning the labor and employment laws of
5  California.

6      89.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff
7  and Class Members wages and monies, thereby creating for Defendants an artificially lower
8  cost of doing business in order to undercut their competitors and establish and/or gain a greater
9  foothold in the marketplace.

10     90.    By violating the foregoing statutes and regulations as herein alleged,
11  Defendants' acts constitute unfair and unlawful business practices under California Business
12  and Professions Code §§ 17200, *et seq.*

13     91.    As a result of the unfair and unlawful business practices of Defendants as
14  alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and
15  restitution in an amount to be shown according to proof at trial.

16     92.    Plaintiff seeks to enforce important rights affecting the public interest within the
17  meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged
18  herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members,
19  and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class
20  Members are entitled to an award of attorneys' fees pursuant to California Code of Civil
21  Procedure § 1021.5.

22                    **PRAYER FOR RELIEF**

23         Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief
24  and judgment against Defendants, jointly and severally, as follows:

25     1.    For certification under California Code of Civil Procedure § 382 of the proposed
26  Class, Waiting Time Subclass, and any other appropriate subclasses;

27     2.    For appointment of Mitchel Parker as the class representative;

28     3.    For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

                              -17-

4.     For compensatory damages in an amount according to proof at trial;

5.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties;

6.     For economic and/or special damages in an amount according to proof at trial;

7.     For liquidated damages pursuant to Labor Code § 1194.2;

8.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.     For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.     For pre-judgment interest;

13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14.     For such other relief as the Court deems just and proper.

Dated: January 15, 2019             **AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiff Mitchel Parker

-18-

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4

Dated: January 15, 2019

**AEGIS LAW FIRM, PC**

5

6

By: _____

7

Jessica L. Campbell
Attorneys for Plaintiff Mitchel Parker

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

·23

24

25

26

27

28

-19-

CLASS ACTION COMPLAINT